## SCOTT v. JONES-EVERETT MACHINE CO.

No. 10296—Opinion Filed July 19, 1921.

(Syllabus.)

### Jury—Right to Jury Trial—Foreclosure of Mechanic's Lien.

In an action to recover judgment on an account for labor performed or material furnished by plaintiff, and to foreclose a mechanic's or materialman's lien, where issue is joined as to the indebtedness due, either party is entitled to a trial by a jury, as a matter of right.

Error from District Court, Murray County; F. B. Swank, Judge.

Action by the Jones-Everettt Machine Company against William J. Scott on account and to foreclose materialman's lien. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

John A. McClure, for plaintiff in error.
Wm G. Davidson, for defendant in error.

NICHOLSON, J. This action was instituted in the district court of Murray county by the defendant in error, as plaintiff, against the plaintiff in error, as defendant, to recover the sum of $249, with interest thereon, and for attorney fees in the sum of $50 and to foreclose a materialman's lien upon the leasehold, and rig, tools, machinery, and equipment used in and about an oil well being drilled upon certain lands in Murray county.

The defendant answered by verified general denial. Upon calling the case for trial, counsel for the plaintiff in error demanded a trial by a jury, which was by the court denied. Upon the conclusion of the evidence of plaintiff below, defendant below demurred to the evidence, which demurrer was overruled, and to which the defendant excepted.

The plaintiff in error complains of the action of the trial court in refusing his

demand for a trial by jury. The defendant in error has filed brief in which he confesses error in the proceedings of the trial court in this regard. The action being one for the recovery of money within the meaning of section 4993, Rev. Laws of Oklahoma, 1910, and the correctness of the account having been put in issue by the verified general denial, the trial court erred in denying a trial by a jury. Holmes v. Halstid, 76 Okla. 31, 183 Pac. 969; Choctaw Lumber Co. v. Waldock, 79 Okla. 232, 190 Pac. 866.

The judgment of the trial court is reversed, and the cause remanded, with directions to grant a new trial.

PITCHFORD, V. C. J., and KANE, JOHNSON, and ELTING, JJ., concur.