### PRUDENTIAL INSURANCE CO. of AMERICA v. WARD et al.

No. 18894. Opinion Filed Feb. 12, 1929.

Charles P. Gotwals and John T. Gibson, for plaintiff in error.

W. W. Noffsinger and A. L. Harris, for defendants in error Ross Ward and Elizabeth E. Ward.

SWINDALL, J. This case comes to this court on appeal by petition in error with case-made attached, from the district court of Muskogee county, wherein Ross Ward and Elizabeth E. Ward commenced an action in the district court of that county to recover a personal money judgment against Roy J. Vann and Myrtle M. Vann upon one promissory note dated Muskogee, Okla., August 30, 1919, and due on the 1st day of September, 1924, and payable to the order of L. E. Tomm, at the office of Culbertson & Tomm, Muskogee, Okla., and by Tomm indorsed and delivered to Ross Ward and Elizabeth E. Ward, for value, on September 16, 1919; the payment of said note being secured by a real estate mortgage between Roy J. Vann and Myrtle M. Vann, mortgagors, and L. E. Tomm, mortgagee, of even date with said note, upon lot 11, block 172, in the city of Muskogee, Okla., and duly assigned to the Wards by assignment dated September 16, 1919, signed by L. E. Tomm and acknowledged before a notary public. This assignment was not recorded until November 17, 1926. On February 19, 1924, R. J. Vann made application to the Prudential Insurance Company of America to procure a loan of $4,000, at 6½ per cent. interest, interest payable semi-annually, for a period of five years, secured by a first mortgage on said real estate. This application stated that there was a $3,000 mortgage on the property, bearing interest at the rate of 7 per cent., held by Culbertson & Tomm, and on the application blank is a space provided for the report to be made by a representative of the Prudential Insurance Company of America, which report in this instance is filled out and signed by L. E. Tomm, and the property is appraised by two appraisers. This report appears to have been approved by the finance committee of the Prudential Insurance Company of America on March 3, 1924. And on March 4, 1924, R. J. Vann, who is one and the same person as Roy J. Vann, and Myrtle M. Vann, his wife, executed to L. E. Tomm their note for the sum of $4,000, whereby they promised and agreed to pay to L. E. Tomm or order the principal sum of $4,000, on or before five years from March 1, 1924, in annual installments, beginning on March 1, 1925, and on the same date in each year thereafter, $200, and the balance of the principal sum on March 1, 1929, with interest on the said principal sum from March 4, 1924, at the rate of 6½ per cent. per annum until maturity, payable semi-annually on the 1st of March and 1st of September of each year, both principal and interest payable at the home office of the Prudential Insurance Company, at Newark, N. J., and providing that if default be made in the payment of any sum, either principal or interest, after same becomes due and payable according to the terms thereof, then the whole amount specified in said note to be paid in full at the option of the holder. This note was secured by a real estate mortgage upon the real property above mentioned and was assigned by L. E. Tomm, and the note for $4,000 was indorsed by L. E. Tomm to the order of the Prudential Insurance Company of America, without recourse.

On April 15, 1924, L. E. Tomm acknowledged a release of the mortgage executed by Roy J. Vann and Myrtle M. Vann to L. E. Tomm, and the same was filed in the office of the county clerk of Muskogee county on the 16th day of April, 1924, this being the mortgage given to secure the note indorsed and delivered by L. E. Tomm to Ross Ward and Elizabeth E. Ward, on the 16th of September, 1919; said mortgage was assigned on that date to the Wards.

To the petition of the Wards the Prudential Life Insurance Company of America filed its separate answer, in which it admitted the incorporation of the Prudential Insurance Company of America, and its authority to do business in the state of Oklahoma, and denied the other allegations of plaintiffs' petition, and amended petition, the amended petition being the same as the original petition, except the Prudential Insurance Company of America was styled in the original petition as the Prudential Life Insurance Company of America. And further pleading, alleged that the note and mortgage set forth in plaintiffs' petition had, prior to said date, been fully paid and satisfied. And further pleading, alleged the execution and delivery of the note and mortgage of March 4, 1924, from Roy J. Vann and Myrtle M. Vann to L. E. Tomm, and the indorsement and delivery of the note and the assignment of the mortgage to the Prudential Insurance Company of America; and that they took said note and mortgage without notice and knowledge that the plaintiffs were the owners and holders of the $3,000 note above mentioned; and at the time they purchased the $4,000 note the records in the office of the county clerk showed that the mortgage securing the $3,000 note had been released of record; and relying upon said release and upon said title to

said premises being free and clear of all liens and incumbrances, as shown by the record, that they purchased, in good faith, said note and mortgage of $4,000, and paid full value therefor; and that the assignment of the mortgage from Tomm to the Wards was withheld from record until some time subsequent to the date upon which the defendant, the Prudential Life Insurance Company of America, purchased the $4,000 note and mortgage.

It was stipulated and agreed at the trial between all parties that all pleadings in the case should be treated and considered as verified.

L. E. Tomm was made a party defendant to vacate and cancel the release which he had executed to the real estate mortgage which he had assigned to the Wards.

The Choctaw Cotton Oil Company was made a party defendant, but disclaimed any interest, and Tomm appears to have defaulted of answer.

Upon the issues being joined, a jury was waived and the cause was tried to the court and resulted in a general finding and judgment in favor of the Wards and against the Vanns for the amount due and unpaid upon the $3,000 note herein above described, and decreeing that the mortgage lien securing the said note was a first, prior, valid and superior lien upon and against the property described therein, and ordering said property sold after the expiration of said judgment and without appraisement, and canceling the mortgage release executed by L. E. Tomm and filed on April 16, 1924, for the reason L. E. Tomm had no authority to execute the same, he having sold, indorsed, and delivered the note and assigned the mortgage to the Wards long prior to the date of said release.

The court made a general finding of fact and entered a judgment and decree against the Prudential Insurance Company of America, and in favor of the defendants Roy J. Vann and Myrtle M. Vann, and to the extent of the recovery of the Wards against the Vanns, they have been damaged by reason of the failure of the Prudential Insurance Company of America to pay said indebtedness of the Wards. The court finds that upon payment of the judgment of the Wards by the Prudential Insurance Company of America, according to the findings of the court, the note and mortgage executed by Roy J. Vann and Myrtle M. Vann in favor of the Prudential Insurance Company

of America shall be valid and enforceable according to its terms.

It was further considered, ordered, and decreed by the court that in the event the Prudential Insurance Company of America shall fail to make payment of the judgment rendered in favor of the Wards and against Roy J. Vann and Myrtle M. Vann, then the said defendants in said action, Roy M. Vann and Myrtle M. Vann, shall have an offset against and credit upon the note of the Prudential Insurance Company of America, originally for the sum of $4,000, for the amount of the judgment rendered in the trial court against Roy J. Vann and Myrtle M. Vann.

Separate motions for new trial were filed by the Prudential Insurance Company of America and Roy J. Vann and Myrtle M. Vann, which were by the court overruled and exceptions saved, and this case is now before this court for review upon the assignments of error presented by the Prudential Insurance Company of America, summed up: That the findings and judgment of the trial court are not sustained by sufficient evidence and are contrary to law, and that the court erred in overruling the offer of the testimony of the witness Mrs. Mary A. Tomm, wife of the defendant L. E. Tomm.

Hereafter the plaintiff in error, Prudential Insurance Company of America, will be referred to as the Prudential Company.

Counsel for the Prudential Company urges, first, that in considering the findings and judgment of the trial court the same should not be considered as the rule is applied to actions at law where a jury is waived and the findings by the trial court are treated, weighed, and considered as a verdict of a jury, but should be treated as the findings by a trial court in a purely equitable action.

We cannot agree with counsel. The record shows that the action was brought by the Wards to recover on a promissory note executed by the Vanns to the Wards, and foreclosure of mortgage lien, and the Vanns and the Prudential Company each, separately and among other things, pleaded payment.

In the case of Holmes et al. v. Halstid et al.. 76 Okla. 31, 183 Pac. 969, this court said:

"In an action to recover judgment on promissory notes executed by defendants, and foreclosure of mortgage lien, made to secure their payment, where issue is joined as to the indebtedness due, the case is one properly triable before a jury as provided in section 4993, Rev. Laws 1910."

See, also, Collins et al. v. Industrial Savings Society, 78 Okla. 319, 190 Pac. 670.

At page 43 of the brief of counsel for the Prudential Company is found this statement:

"(c) If Culbertson and Tomm were agents for the Prudential Company only, the judgment as rendered is correct."

The trial court in its general finding so found, and a jury having been waived by each party, the finding of the trial court will be given the same weight as the verdict of a jury, and if said findings are reasonably sustained by the evidence, they will not be disturbed upon appeal.

The evidence shows that Culbertson and Tomm were loan brokers in the city of Muskogee, Okla., and had been for about 20 years prior to the commencement of this action, and that they had taken a large number of notes and real estate mortgages payable to the firm and to the individual members of the firm and sold them to numerous investors, and that the Wards purchased the $3,000 note upon which the action is brought in this case in the usual and ordinary course of business and paid value for the same, and took an assignment of the real estate mortgage securing its payment. That a short time prior to the maturity of this note, Roy J. Vann went to the office of Culbertson & Tomm in the city of Muskogee, Okla., and made application to the Prudential Company upon a blank furnished him by Tomm, the application being addressed to the Prudential Insurance Company at Newark, N. J.; that on this blank was a space for a report to be filled out by the representative of the Prudential Company, and that this report was signed by L. E. Tomm, and that the application was sent to the home office of the Prudential Company by Culbertson & Tomm, and that when the loan was approved, Culbertson & Tomm were notified of that fact, and that the mortgage and note were executed upon forms furnished by the Prudential Company to Culbertson & Tomm, and made payable to L. E. Tomm, and by him indorsed to the Prudential Company, and that all of the transactions were carried on between plaintiff in error, Prudential Company, and Culbertson & Tomm, or L. E. Tomm. And the evidence is sufficient to show that Culbertson & Tomm and L. E. Tomm were acting as the agents and representatives of the Prudential Company, and not as the agents of the Wards or the Vanns.

The Prudential Company could have sent its draft to some bank in Muskogee, Okla., with instructions to the bank to deliver the draft of $4,000 to the Vanns or Culbertson & Tomm when the $3,000 note was surrendered to the bank, together with a release of the mortgage securing the same and a receipt signed by the Vanns for the balance of the $4,000 loan made by it upon the Vann property. Or if, for any reason, it did not desire to pay out on the loan through a bank in Muskogee, it could have directed that the $3,000 note and mortgage securing same and a release of said mortgage, properly executed, be sent to some bank or trust company in Newark. N. J., with instructions to the bank or trust company to deliver the instruments to the Prudential Company upon delivery to said bank for the use and benefit of the Vanns of the $4,000 draft. The Prudential Company could have avoided a loss by pursuing either of these courses.

It seems to be almost the universal rule of law as announced by the courts of last resort that a mortgage securing the payment of a negotiable note is merely an incident and accessory to the note, and partakes of its negotiability, and that the indorsement and delivery of the note carries with it the mortgage without any formal assignment thereof. The Prudential Company evidently knew this, and it appears to us that it should have demanded a surrender of the $3,000 note, of the existence of which it had full knowledge.

In the case of Chase v. Commerce Trust Co. et al., 101 Okla. 182, 224 Pac. 148, this court held that:

"A mortgage securing the payment of a negotiable note is merely an incident and accessory to the note, and partakes of its negotiability. The indorsement and delivery of the note carries with it the mortgage without any formal assignment thereof."

In the body of the opinion, in referring to the duty of the Commerce Trust Company, this court said:

"It was possessed with the means of absolute protection, as it had only to withhold payment until it received the note, and thus fully protect itself; but it neglected this simple precaution which was required of it, not only by law, but by ordinary prudence."

So, in this case, we say that the Prudential Company was possessed of the means of absolute protection, as it had only to withhold payment of the $4,000 note until the $3,000 note, which it was to take up, was delivered to it, or to some person or corporation authorized to receive the note and to pay out on the loan made by it to the Vanns. This is not a new proposition in Oklahoma. In First National Bank of Gen-

osee, Ill., v. National Live Stock Bank of Chicago, Ill., 13 Okla. 719, 76 Pac. 130, the Territorial Supreme Court passed upon this question, and that case was appealed to the Supreme Court of the United States and affirmed in 203 U. S. 296, 51 L. Ed. 192.

The next proposition urged by plaintiff in error is that the court erred in excluding the testimony of Mrs. Tomm.

Under the authority of Allen v. Kinnebrough, 93 Okla. 42, 219 Pac. 676, we are of the opinion that the trial court properly excluded this testimony, for the reason that it appears to us that the defendant Tomm and the Prudential Company must stand or fall together upon the issue of whether or not Tomm was the agent of the Vanns or the Wards, or both of them, and the interest of one should not be separated from the interest of the other, and therefore the wife of Mr. Tomm was incompetent to testify in this case.

Finding no prejudicial error in the findings and judgment of the trial court, the same is in all things affirmed.

LESTER, V. C. J., and HUNT, CLARK, RILEY, HEFNER, and ANDREWS, JJ., concur.

MASON, C. J., and CULLISON, J., absent.

Note.—See under (2) 2 R. C. L. p. 203; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 73. (3) 19 R. C. L. p. 358. See "Appeal and Error," 4 C. J. §2853, p. 879, n. 83. "Juries," 35 C. J. §36, p. 166, n. 2. "Mortgages." 41 C. J. §686, p. 673, n. 85.