**OXLEY et ux. v. SOUTHLAND LIFE INS. CO.**

No. 20975. Opinion Filed June 28, 1932.

Rehearing Denied Oct. 18, 1932.

288

D. D. Brunson, for plaintiffs in error.

Ames, Cochran, Ames & Monnet and Robert Burns, for defendant in error.

HEFNER, J. This action was brought in the district court of Coal county by the Southland Life Insurance Company against M. E. and Sallie Oxley and Dickerson-Reed-Randerson to recover on a promissory note and to foreclose a real estate mortgage given on land situated in Coal and Johnston counties to secure the same.

The note was originally executed by defendants Oxley to their codefendant, and by it sold, transferred, and indorsed to plaintiff herein. Plaintiff alleges that it purchased the note from the Dickerson Company before maturity, and it is an innocent purchaser for value. Defendant Dickerson Company held a second mortgage against the premises involved to secure a debt of $1,515, balance due on four separate notes executed to it by defendants Oxley; it filed an answer and cross-petition in the action, asking judgment against the Oxleys in that amount, and foreclosure of its second mortgage. The Oxleys defended on the ground that the notes in question were executed for money borrowed from their codefendant, and that usurious interest was charged, and prayed that they recover from plaintiff and cross-petitioner double the amount of usury so paid.

Trial was to the court and resulted in judgment in favor of plaintiff and against defendants Oxley and a judgment in favor of defendants Oxley and against cross-petitioner for the recovery of the sum of $3,500, being double the amount of usurious interest charged. When the case was called for trial, defendants Oxley demanded a jury, which demand was by the court denied. They have appealed from the judgment rendered against them in favor of plaintiff, but no complaint is made as to the judgment rendered in their favor and against cross-petitioner.

Appellants urge that the court erred in denying them a jury trial. Plaintiff contends that defendants agreed to waive a jury. Defendants claim that the record fails to show that a jury was waived and that such waiver can only be shown by the record. Assuming, without deciding, that defendants are correct in this contention, still there was no reversible error in denying them a jury trial, for the reason that the evidence shows they had no legal defense to plaintiff's cause of action. The evidence conclusively shows that plaintiff was an innocent purchaser for value of the note sued on; there was therefore no issue to submit to a jury. If a jury had been impaneled to try the cause, it would have been the duty of the court, under the evidence, to direct a verdict in favor of plaintiff. Defendants make no claim that the evidence is sufficient to raise an issue on the question of whether plaintiff is an innocent purchaser for value. None of the evidence is set out or discussed by them in their brief. In the absence of a showing that the evidence offered was sufficient to warrant the submission of the case to a jury, there was no reversible error in denying them a jury trial.

In Lackey v. Wagner, 89 Okla. 48, 213 P. 742, the following rule was announced:

"Where a jury is denied in a case properly triable to a jury, the action of the court is harmless where it appears that a demurrer to the evidence was properly sustained."

Under this authority, the error of the trial court, if any, in denying defendants a jury trial was harmless.

The judgment is affirmed.

CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and RILEY, J., absent.