## HEDLUND v. BROGAN.

No. 21556. Feb. 27, 1934.

Bird McGuire, Edward P. Marshall, and F. A. Bodovitz, for plaintiff in error.

John Barry and R. F. Barry, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Caddo county in favor of the plaintiff therein, the defendant in error in this court, against the defendant therein, the plaintiff in error in this court.

The plaintiff alleged the existence of an oral contract between the plaintiff and the defendant by which the plaintiff was to perform work and labor and furnish certain material necessary for the cleaning out of an oil well, for which the defendant was to pay; the performance of the conditions thereof by him; the failure of the defendant to pay the amount due therefor; the right to a money judgment, including attorneys' fees; the right to a lien for the amount thereof, and the right to a foreclosure of that lien. The prayer was for a money judgment, attorneys' fees, declaration of a lien, and the foreclosure thereof. The answer of the defendant denied the existence of any contract.

At the conclusion of all of the evidence, the plaintiff asked for a judgment. The trial court discharged the jury, rendered a judgment against the defendant for the amount claimed, including attorneys' fees, declared the same a lien upon the premises, and ordered a foreclosure thereof. The defendant appealed to this court.

It is contended herein that the trial court erred in rendering that judgment.

It is evident that there was error therein. The action was primarily to recover a judgment for an amount due under a contract. Under the provisions of section 350, O. S. 1931, the action was for a trial to a jury. An issue of fact was presented, and the trial court was without authority of law to discharge the jury and render the judgment complained of.

It is contended herein by the defendant that the primary purpose of the action was the establishment of a lien. The defendant was in error therein. The primary purpose was the establishment of a debt. Until that debt was established there could be no lien for a debt. Scott v. Jones-Everett Machine Co., 82 Okla. 255, 200 P. 168. See, also, Holmes v. Halstid, 76 Okla. 31, 183 P. 969; Choctaw Lumber Co. v. Waldock, 78 Okla. 232, 190 P. 866; Thomas v. Westheimer &

Daube, 87 Okla. 130, 209 P. 327, and Prudential Ins. Co. of America v. Ward, 135 Okla. 117, 274 P. 648

We are at a loss to understand why the trial court rendered a personal judgment for attorneys' fees. The only right to an attorney's fee is that incident to a lien and as a part of the costs. There was no primary right to an attorney's fee.

The defendant contends that the verification of the answer was insufficient to put in issue the correctness of the account, and that for that reason the indebtedness was admitted. The action was not an action on a verified account, and it was not tried as such. The plaintiff proceeded to prove his account. This action was an action on an oral contract. There was no question presented as to the correctness of the account. The issue was whether or not the defendant owed the plaintiff anything. Until the employment was shown, the defendant did not owe the plaintiff anything. The cause was tried on that theory. No question was raised during the trial as to the sufficiency of the verification of the answer, and the question cannot be presented in this court for the first time. Fort Worth Lead & Zinc Co. v. Robinson, 89 Okla. 221, 215 P. 205, and the cases therein cited. See, also, Riverside Oil & Refining Co. v. Swanson, 138 Okla. 47, 279 P. 905. The cause should have been submitted to a jury for its determination of whether or not the defendant was indebted to the plaintiff on a contract. The trial court was without authority of law to determine that question on conflicting evidence.

The judgment of the trial court is reversed and the cause is remanded, with directions to grant the defendant a new trial.

RILEY, C. J., CULLISON, V. C. J., and OSBORN and WELCH, JJ., concur.