## CONSERVATION OIL CO. v. GRAPER et al.

No. 24806.  June 4, 1935.

Rehearing Denied July 9, 1935.

Orr & Woodford and Jack Paden, for plaintiff in error.

B. C. King and W. A. Delaney, Jr., for defendants in error Walter Graper and other lien claimants.

S. A. Horton, for defendants in error Western Drilling Company et al.

PER CURIAM. A. B. Sutphin and the Western Drilling Company, as drilling contractors, filed an action in the lower court to recover from Conservation Oil Company, a corporation, the owner of an oil and gas leasehold, the contract consideration for drilling an oil well upon the owner's leasehold, claiming that a well had been completed according to the terms of the written contract, and that the contract price was due and payable. The Conservation Oil Company denied that the well had been completed according to the terms of the contract; alleged that the contractors had materially damaged the well, after drilling the same to a depth of approximately 1,700 feet, and then abandoned the same, the owner being required to complete the same; and the owner claimed damages upon counterclaim from the contractors.

About the same time and in the same court, Walter Graper, doing business as Graper Machine Shop, commenced an action against the Western Drilling Company, O. W. Dickerson, Mason Dickerson, Arley Sutphin, as individuals and copartners, Barnsdall Oil Company, a corporation, Conservation Oil Company, a corporation, and numerous individuals as lien claimants, in which he charged the defendants, save and except the lien claimants, to be the owners of the leasehold and to be joint adventurers in the drilling of an oil and gas well thereon; that he performed labor and furnished materials at their request and asked recovery of the price thereof, together with the establishment of a lien upon the leasehold, fixtures, machinery, etc., and the foreclosure of the same. The 20 other lien claimants filed answer admitting the facts alleged in the petition, and filed cross-petitions to recover the amount due them, and to establish their respective liens and for foreclosure. Three lien claimants came into the cause by intervention making similar claims.

The defendant Conservation Oil Company, by its answer, denied any contractual relation with the lien claimants, and alleged that they were the employees of the contractors, and that by reason of the breach of the contract upon the part of contract-

ors it was not indebted to the original contractors, and therefore the lien claimants were not entitled to have the amounts due them declared a lien upon the leasehold and other properties of the owner.

The defendant Western Drilling Company, by answer, admitted that the lien claimants were its employees, but denied the correctness of the amount of their respective claims and the daily wages to be paid them.

Upon motion and by consent of all parties, the two actions were consolidated and continued thereafter as one cause. The respective parties will hereinafter be referred to as owner, contractors, and lien claimants.

Upon motion of the lien claimants, the cause was referred to a referee for hearing, upon all the issues involved, who heard the evidence and reported his findings of fact and conclusions of law; which said findings of fact were substantially that the contractors, under the written contract with the owners, had drilled the well to a depth of 1,774 feet, at which depth oil was encountered satisfactory to the owner, who then took the well over; that the contractors had fully performed according to said contract, and that the contractors were entitled to receive the sum of $6,232; that contractors had perfected their lien against the properties and leasehold of the owner by properly filing the same, and were entitled to have the same established as a lien and were entitled to foreclosure of the same; that the lien claimants had either performed work and/or had furnished materials for the contractors in the drilling of the well upon the leasehold at the special instance and request of the contractors; that in performing said work and labor and furnishing said materials to the contractors they did so at the special instance and request of the contractors in carrying out and performing the contract entered into by and between the contractors and owner for the drilling of said well; that they are each entitled to judgment against the contractors and the owner for the sum found due as set out in the report; that they had each filed their lien statemeents, as is required by law, and each had a lien upon the leasehold and properties; that they were also allowed attorneys' fees. As to the Barnsdall Oil Company, it was recommended that it be barred from any right, title or interest in and to the properties. Foreclosure of the lien was recommended, together with sale of the properties of the owner to satisfy said liens.

The owner filed its bill of exceptions to the referee's report, which was allowed and made a part of the report. Owner also at the same time filed a motion for a new trial, which was lodged with the court clerk.

On January 4, 1933, the cause came on for trial before the court upon the bill of exceptions filed to the referee's report and the motion for new trial, whereupon the court granted a new trial as to the issues involved between the owner and the contractors, holding that such issues were issues of fact and should have been tried before a jury, and that the court was in error in making the reference. As to the lien claimants, the court overruled the exceptions of the owner and his motion for new trial and approved the findings of fact and conclusions of law as made by the referee and adopted the same as the judgment of the court. Referee's fees, stenographic fees and attorneys' fees to attorneys represented in the lien claimants were allowed and taxed as costs.

Judgment was entered giving lien claimants a personal judgment against the owner and the contractors, establishing the liens against the properties of the owner and ordered a sale of the same to satisfy the liens.

The owner and contractors reserved exceptions, which were allowed by the court, and the record discloses that at all times the owner and contractors demanded a jury trial and reserved exceptions to the ruling of the court denying the same.

The owner appeals from this judgment in favor of the lien claimants, and urges the following assignments of error as grounds for reversal:

(1) The court erred in rendering a personal judgment in favor of lien claimants and against the owner.

(2) Error in awarding and foreclosing lien claimants' lien against the property of owner.

(3) Error in refusing owner a jury trial.

We shall consider the first two assignments together, as they are so related under the facts in this case that a decision upon one will necessarily dispose of the other.

The lien claimants filed lien statements in which they recite:

"That on or about the ____ day of February, 1932, the Western Drilling Company (either as a partnership or a corporation) O. W. Dickerson, Mason Dickerson, Arley Sutphin, both as individuals, copartners and as joint adventurers, and the Barnsdall Oil

Company, made an oral contract with the said _____, through their authorized agent for the performance of certain labor in and about the drilling of said well, and that said labor was done and performed between the 11th day of February, 1932, and the 5th day of April, 1932, a statement of said labor is hereto attached, marked exhibit 'A' and made a part of this lien statement."

Also the following recital:

"That the name of the owner of said leasehold estate herein above described is Conservation Oil Company; the name of the contractors are Western Drilling Company (either as partnership or corporation); O. W. Dickerson, Mason Dickerson and Arley Sutphin, both as individuals and copartners, and as joint adventurers, and Barnsdall Oil Company, and the description of the property upon which said work is done is as follows:"

The statements of account attached to the lien statements are against the contractor in each instance.

The testimony of each of the lien claimants, as shown in the record, is that they were each employed by the contractors or their agent, and performed the labor or furnished the materials under said employment; that the contractors were doing the work of drilling the well under a definite written contract with the owner is not disputed, and the findings of the referee, which were adopted by the court as its judgment in the case, clearly show that the claimants were subcontractors, said findings to this effect being as follows:

"The referee further finds that the following named defendants and cross-petitioners * * * have each and all either performed labor or furnished material in the drilling of said oil and gas well; and that each of said cross-petitioners and interveners performed said work and labor and furnished said material at the special instance and request of said Western Drilling Company, O. W. Dickerson, Mason Dickerson, and A. B. Sutphin; that in performing said work and labor and furnishing said material to the Western Drilling Company, O. W. Dickerson, Mason Dickerson, and A. B. Sutphin, they did so at the special instance and request of said parties in the carrying out and performing the contract above referred to entered into by and between A. B. Sutphin and Conservation Oil Company, in the drilling of said well, upon the above-described leasehold estate; and that they are entitled to judgment against the Western Drilling Company, O. W. Dickerson, Mason Dickerson, and A. B. Sutphin,

and Conservation Oil Company for the sums hereinafter set forth."

Under this statement of facts, we are of the opinion that this case comes within the holding of this court in the case of Josey Oil Co. et al. v. Ledden et al., 162 Okla. 262, 20 P. (2d) 582, wherein it is stated in the second paragraph of the syllabus as follows:

"A subcontractor on a leasehold for oil and gas purposes is entitled to a lien thereon, under section 7466, C. O. S. 1921 (sec. 10979, O. S. 1931), from the same time, in the same manner, and to the same extent, as the original contractor, but is not entitled to a lien for any greater amount or to any greater extent; and where there is no primary liability to the original contractor, there is not under said act any liability to the subcontractor."

The trial court in this case having granted a new trial in that portion of the controversy between the owner and the contractor, it is still undertermined as to whether there exists any liability upon the part of the owner to the contractors, and we are therefore of the opinion that the trial court was in error in granting the lien and foreclosure thereof to the lien claimants upon the properties of the owner. See, also, Christy v. Union Oil & Gas Co., 28 Okla. 324, 114 P. 740; Brenner Oil Co. v. Dickason-Goodman Lumber Co., 108 Okla. 257, 236 P. 44; Cameron Refining Co. v. Jerman, 110 Okla. 272, 238 P. 437; Anthony v. Dukes, 130 Okla. 298, 267 P. 462.

We are also of the opinion that the trial court erred in entering a personal judgment against the owner in favor of the lien claimants, as there is no finding of fact by the referee that any privity by contract existed between the owner and the lien claimants, but, to the contrary, there appears the positive finding that they performed their labor or furnished the materials, as the case may be, at the special instance and request of the contractors. The trial court evidently assumed that a right to a lien also entitled the lien claimant to a personal judgment for the amount of his claim. In this the trial court is mistaken, as the lien statutes (sections 10977, 10978, 10979, O. S. 1931) only grant to subcontractors a lien upon the property of the owner and only in the manner and to the extent therein stated.

The lien claimants in their brief seriously urge that, under the evidence, such privity of relation existed between them and the owner, so that the owner became pri-

marily liable to them for the amount of their claims and that their position was, in fact, that of original contractors.

Eight or nine of the lien claimants testified that after the oil well had been drilled to about 1,770 feet, and the casing was being cemented, they had concluded to shut down work on account of the contractors failing to pay their wages; that they complained to the representative of the owner who was there at the job, and that the representative made substantially the following statement to each of them:

"Boys, I am sure you are doing the wrong thing, and the company will see that you boys get your money."

The other 14 or 15 lien claimants evidently knew nothing about such a conversation or promise, as there is nothing in their testimony on the subject. The agent, or representative, of the owner denied making any promise to assume the payment of the wages. There is no evidence that the conversation testified to was communicated to the remaining lien claimants, or that they acted or relied thereon. Assumption of the indebtedness was not pleaded, neither was the doctrine of estoppel pleaded. It was not contended, either in the pleading or in the proof, that the owner and the contractors were mining copartners. Evidently the referee and the court gave this evidence little, if any, consideration, as their finding is that the lien claimants did the work and furnished the materials at the instance and request of the contractors, and there is no finding upon the part of either the court or the referee that the owner assumed the payment of the wages and became primarily liable therefor.

We deem it unnecessary to pass upon the probative force of this testimony, as this case must be retried, and it will be a question for the trial court and/or the jury, as the case may be.

The owner in its third assignment of error contends that it was entitled to a jury trial as a matter of right, and that the court erred in referring the cause to a referee over its objections, and in this contention we are of the opinion that the owner is correct.

Section 350, O. S. 1931, provides:

"Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided."

Section 376, O. S. 1931, in part provides:

"When the parties do not consent, the court may, upon application of either, or of its own motion, direct a reference in either of the following cases: Where the trial of an issue of fact shall require the examination of mutual accounts, or when the account is on one side only, and it shall be made to appear to the court that it is necessary that the party on the other side should be examined as a witness to prove the account; in which case the referee may be directed to hear and report upon the whole issue, or upon any specific question of fact involved therein. * * *"

Lien claimants' causes of action were alleged against both the contractors and the owner, claiming that both were owners and operators of the leasehold estate, and that both entered into the contract with claimants for the performance of the labor and furnishing of materials, and prayed judgment against both and for foreclosure of the liens. The owner denied the indebtedness and the making of the contracts, thereby raising an issue of fact as to the existence of the contract, and it also being a case primarily for the recovery of money. The contractors admitted the employment, but raised in their answer an issue as to the price of the wages per day and the number of days the claimants performed services; also the amount and value of materials furnished. It is therefore apparent that the several actions on the part of the claimants were primarily for the recovery of money upon contract and come within the provision of section 350, O. S. 1931, above set out.

In Hedlund v. Brogan, 167 Okla. 393, 30 P. (2d) 164, the holding of this court set out in the third paragraph of the syllabus reads:

"In an action to recover a judgment on a contract for labor performed and material furnished for the cleaning out of an oil well, and for a foreclosure of a lien therefor, where issues are joined as to the making of the contract, either party is entitled to a trial by jury as a matter of right on the question of the existence of the indebtedness."

See, also, Scott v. Jones Everett Machine Co., 82 Okla. 255, 200 P. 168; Prudential Ins. Co. v. Ward, 135 Okla. 117, 274 P. 648; Choctaw Lumber Co. v. Waldock, 78 Okla. 232, 190 P. 866; Okmulgee Producing & Refining Co. v. Wolf, 88 Okla. 188, 212 P. 415.

Examination of the pleading and the rec-

ord does not disclose that a mutual account was involved, or that it was an account on one side only that made it necessary that the party on the other side should be examined as a witness to prove the account, as is necessary to authorize the court to make a reference of the cause, without the consent of all the parties to the action.

Apparently, the great number of cross-petitions and interventions, each an action to recover a judgment on a contract, led the court to the belief that the same could be more conveniently tried by referring the same to a referee, but a multiplicity of actions consolidated into one action, and the fact that it would be more convenient to try the same without the intervention of a jury, is no cause or warrant for a reference under the terms of section 376, O. S. 1931, except by the consent of the parties to the action.

It cannot be contended that had the respective lien claimants elected to file separate actions, such actions would be of a class to be properly referred to a referee for trial without the consent of the parties, and this being the case, a consolidation of the same into one action would not authorize the court to refer the same to a referee without consent as contemplated by the statute.

For reasons herein stated, the judgment of the trial court is reversed, and the cause remanded for new trial.

The Supreme Court acknowledges the aid of Attorneys George M. Porter, J. H. Gordon, and Wm. H. H. Clayton in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of the law and facts was prepared by Mr. Porter and approved by Mr. Gordon and Mr. Clayton, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.