## STATE ex rel. ATTORNEY GENERAL v. LeVAN et al.

No. 25686. Feb. 8, 1938.

Rehearing Denied March 22, 1938.

Application for Leave to File Second Petition for Rehearing Denied April 5, 1938.

Mac Q. Williamson, Atty. Gen., Houston E. Hill, Asst. Atty. Gen., and L. V. Orton, for plaintiff in error.

L. P. Melone and Don Welch, for defendants in error.

RILEY, J. On January 17, 1933, the state, for highway purposes, sought condemnation of 6.15 acres of land in Marshall county belonging to George E. LeVan. Commissioners appointed made and filed an award January 28, 1933, in the sum of $309.50. On February 23, 1933, LeVan filed exceptions and demanded a jury trial. On February 28, 1933, just 31 days following the commissioners' award, LeVan again demanded a jury trial. On August 24, 1933, LeVan sought, and on September 8, 1933, was granted leave to file, and on the same day filed, an amendment to the exceptions to the commissioners' award. By the amendment consequential damages were sought by reason of the manner of highway construction. On October 27, 1933, on behalf of the state, a demand was made for a jury trial.

On November 7, 1933, the matter was heard by the court in the absence of a jury. The trial court set aside the award of the commissioners and made an award to LeVan of $3,952.75 for compensation and damages.

The state appeals and contends that, whereas the district judge has power to confirm or reject the commissioners' award,

he was without power or authority to make one.

LeVan insists that a jury was waived by failure to demand it at the hearing and by stipulating that the court might view the premises. The demand for a jury having been made in proper time, it was not waived by the stipulation nor the introduction of evidence without further demand, for then the trial judge was performing a function, required of him, in deciding whether the commissioners' report and award would be affirmed or rejected. Sections 350, 373, O. S. 1931; Smith v. Smith, 80 Okla. 136, 184 P. 82; Okmulgee P. & Ref. Co. v. Wolf, 88 Okla. 186, 212 P. 415; Pancoast, Adm'r, v. Eldridge, 157 Okla. 195, 11 P. (2d) 918; Greer v. West, 173 Okla. 427, 48 P. (2d) 1043.

As bearing upon condemnation proceedings under the law of eminent domain, see article 2, secs. 23 and 24, Const. (sections 13435, 13436, O. S. 1931), procedural; sections 11928-11941, O. S. 1931, and section 11935, extending procedure relating to railroads to others. As to duties of district judge, City of Eufaula v. Ahrens, 58 Okla. 180, 181, 159 P. 327; Wrightsman v. S. W. Natural Gas Co., 173 Okla. 75, 46 P. (2d) 925.

Section 11933, O. S. 1931, provides for review of the report of the commissioners on written exceptions filed by either party, but the specific power conferred to **"make such orders therein as right and justice may require"** is limited by specifications contained **"either by confirmation, rejection or by ordering a new appraisement** on good cause shown. * * *"

This function of the court is distinct from the function of a jury; the exceptions must be filed within 60 days, a demand for a jury must be filed within 30 days after filing of the commissioners' report. The function of the jury is to assess the amount of damages. The function of the court is an examination into the regularity of the commissioners' action and a general supervision of the proceedings.

The weight of authority is in conformity with the view that when a commissioners' award is rejected, the court is without power to make the assessment itself. Lewis, Eminent Domain (2d Ed.) vol. 2, 1386; 10 R. C. L. 222, sec. 189; 20 C. J. 1051, sec. 434, et seq.; Anno. 61 A. L. R. 194; Am. Digest, Eminent Domain, Key 237 (6).

The facts and law stated in Re Owen and Memorial Parks in City of Detroit, 244 Mich. 377, 221 N. W. 279, 61 A. L. R. 190, are almost identical in substance with those in the case at bar. There are contrary cases, but they seem to be based upon statutes authorizing a reassessment by the court. Hall v. Meridian, 48 Conn. 416, etc., cited in 61 A. L. R. 198, 199.

Judgment reversed, with directions to appoint new commissioners and proceed conformably to the views herein expressed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS, GIBSON, HURST, and DAVISON, JJ., concur. WELCH, J., absent.