## WILLIAMS v. BUMPERS.

No. 34650.    March 4, 1952.

*241 P. 2d 945.*

John W. Hunt and J. B. A. Johnson, Oklahoma City, for plaintiff in error.

Kerr, Lambert, Conn & Roberts, Ada, for defendant in error.

BINGAMAN, J. This action was brought by plaintiff, Myrtle Bumpers, against the defendant, Athel Williams, to establish and enforce an agister's lien on certain cattle in her possession, for which she furnished hay. The cattle had been placed on her land in charge of an employee of Williams, and she alleged that she furnished hay at the instance and request of the defendant of the value of $587.28. In a second cause of action she claimed an additional $119.84 for feed and grain furnished to Williams by the Allen Feed

144

Mills of Ada, which claim had been assigned to her. She asked for reasonable attorney's fee in the sum of $150 and a restraining order restraining the defendant from transferring, conveying or moving the cattle from their then location. In his answer the defendant denied all the allegations of plaintiff's petition and specifically alleged that he never purchased any feed from her or from the Allen Feed Mill, and that plaintiff had never furnished any feed of any kind for any livestock owned by him. The trial court denied the defendant's demand for a jury trial and rendered judgment for the plaintiff as prayed for. Defendant appeals.

Defendant's first contention, and we think the decisive one, is whether the trial court erred in denying his demand for a jury. The parties agree that the lien is provided for in 4 O. S. 1951 §192, which provides that any person furnishing or providing to the owner of domestic animals any corn, feed, forage and hay for their sustenance, shall have a lien on said animals for the amount due. They further agree that the enforcement of said lien is provided for in 4 O. S. 1951 §194. That section provides that a person claiming the lien shall file with the justice of the peace, or the court having competent jurisdiction, a complaint setting up his account and describing the property on which the lien is claimed; that thereupon a summons shall issue, and that upon the service and return of summons the court shall set the cause for hearing at any time after the lapse of one day. It further provides that on the day fixed for the trial the cause shall be tried as an ordinary case in court, and if judgment be for the plaintiff the court shall order the property, upon which the lien shall have been found to exist to be sold to satisfy the same. It further provides that if the lien is not established but the plaintiff shall have established an indebtedness on the account sued on, the judgment shall be for the plaintiff for said indebtedness, but the costs of suit shall be taxed against him. We think that

under the provisions of these sections, whether defendant owed the disputed account was a question for the determination of a jury, and that upon a verdict for plaintiff the court could then determine whether plaintiff was entitled to a lien, and, if he so found, order the foreclosure thereof.

Our statute, 12 O. S. 1951 §556, provides as follows:

"Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided."

The pleadings of the parties in the instant case most certainly raised an issue of fact in connection with an action for the recovery of money, since the account alleged by plaintiff to be due was wholly denied by defendant.

While a diligent search of the authorities has failed to reveal a single case in this or any other state passing squarely upon the question of whether or not an action to establish and foreclose a lien of this nature was triable to a jury, or to the court, we held in Hedlund v. Brogan, 167 Okla. 393, 30 P. 2d 164, that in an action to foreclose a mechanic's and materialman's lien, an issue of fact was presented, and that the trial court was without authority to discharge a jury and render judgment. We there said:

"It is contended herein by the defendant that the primary purpose of the action was the establishment of a lien. The defendant was in error therein. The primary purpose was the establishment of a debt. Until that debt was established there could be no lien for a debt. Scott v. Jones-Everett Machine Co., 82 Okla. 255, 200 P. 168. See, also, Holmes et al. v. Halstid et al., 76 Okla. 31, 183 P. 969; Choctaw Lumber Co. v. Waldock, 78 Okla. 232, 190 P. 866; Thomas et al. v. Westheimer & Daube, 87 Okla. 130, 209 P. 327; and Prudential Ins. Co. of American v. Ward et al., 135 Okla. 117, 274 P. 648.''

In Hughes v. Baker, 169 Okla. 320, 35 P. 2d 926, we also said that an action to establish and enforce a mechanic's and materialman's lien, where the amount was disputed, was triable to a jury. In that case, after calling attention to the fact that under our code the blended practice, that is the practice in which there was no distinction between actions at law and suits in equity was in force, and that under such practice actions to foreclose liens were essentially of an equitable nature and governed by the rules of equity practice, we said:

"The debt created by furnishing the labor or material for the improvements is distinct in the sense that this part of the action is for the recovery of money. Though the establishment of the lien may fail, the court will proceed with the case to a final determination of the same on the debt. In other words, the pleadings invoke the jurisdiction of the court first for judgment for the debt; second, for a decree establishing and enforcing the lien. If the first relief fails, then necessarily both fail. Judgment may in a proper case be recovered for the debt and the second relief demanded be denied. Judgment and decree may be given in one or both instances. Relief, therefore, may be granted or denied in one or both instances as the facts and circumstances warrant. Okmulgee Prod. & Ref. Co. v. Baugh, 111 Okla. 203, 239 P. 900."

After calling attention to Scott v. Jones-Everett Machine Co., 82 Okla. 255, 200 P. 168, in which we held that if, in an action to foreclose a laborer's lien and for judgment on the account, an issue was joined as to the amount due, either party was entitled, as a matter of right, to a trial by jury, we said that the foreclosure part of the suit was one in equity, while that part for the recovery of judgment for the debt is at law.

In Eastwood v. Glover, 112 Okla. 131, 240 P. 122, a case involving a lien for pasturage rental, under the provisions of 4 O. S. 1951 §§191-194, we noted that the court submitted to a jury the question of indebtedness between the parties, while the court, without the assistance of the jury, passed upon the question of the lien claimed. We think in a case of this nature this was the proper procedure, since the court, if the jury returned a verdict that defendant was indebted to plaintiff, could render judgment for the plaintiff even though he denied the existence of the lien claimed and refused to foreclose it.

Defendant says that the statute under which the lien is claimed makes this a special proceeding instead of an action, and that because of the nature of the lien, the Legislature sought to protect agisters by a speedy trial, citing National Bank of Commerce v. McDaniel, 71 Okla. 6, 174 P. 286. But we see no reason for denying the defendant a statutory and constitutional right to trial by jury as to the indebtedness in order to expedite the trial of the case to protect the plaintiff, and we find nothing in the cited case which convinces us that such was the purpose of the Legislature.

Reversed, with directions to vacate the judgment and grant the defendant a jury trial.

HALLEY, V. C. J., and CORN, GIBSON, JOHNSON, and O'NEAL, JJ., concur.