JACKSON et al. v. GENERAL FINANCE CORPORATION.

No. 34341.   Feb. 3, 1953.

*253 P. 2d 166.*

Melton, McElroy & Vaughn, Chickasha, for plaintiffs in error.

Hatcher & Bond, Chickasha, for defendant in error.

JOHNSON, V.C.J.  This is an appeal from the district court of Grady county, Oklahoma, wherein the General Finance Corporation as plaintiff brought an action in replevin for the recovery of a Studebaker pickup, sold on time payments, which payments, it was alleged, had not been made by the purchaser and which motor vehicle, in the course of the various transfers of title, was at the time of the action in the possession of J. W. Jackson, who obtained it from C. C. Jinks, who, in turn, had obtained it from John L. Rawson, Jr., the original purchaser from the plaintiff. All pleadings in the cause, both by plaintiff and defendants, were properly joined. Defendants' answer contained a verified general denial under which defendants were entitled to controvert any issues of fact tendered by plaintiff's petition, and the issues formed by the pleadings were sufficient to withstand a demurrer or motion for judgment on the pleadings and was, therefore, ready to be submitted for trial and judgment upon the issues so formed.

In advance of the trial the court denied the defendants' request for a trial by jury and the case was tried by the court and judgment rendered for plaintiff.

Defendants urge this, inter alia, as error.

This is an action in replevin for the recovery of specific personal property, and the defendants were entitled to a jury trial upon the issues of fact made by the pleadings. 12 O.S. 1951 §556; art. 2, §19, Okla. Constitution. Sec. 556, supra, provides:

"Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived. * * *"

Under the issues joined by the pleadings herein and the above statute, defendants were entitled to have the issues of fact tried by a jury. The right to jury trial is determined by the character of the pleadings, Estes v. Oklahoma City, 175 Okla. 278, 52 P. 2d 873; and where defendants were entitled to a jury trial and demanded it, the court erred in refusing them this statutory right. Thomas v. Westheimer & Daube, 87 Okla. 130, 209 P. 327; Williams v. Bumpers, 206 Okla. 143, 241 P. 2d 945. However, it is urged that the evidence adduced in the trial by the court, after it had refused defendants a jury, showed that defendants had no legal defense, and that by reason thereof the court's action in refusing a jury was harmless.

We have held that denial of a jury trial in an action properly triable to a jury is harmless, where, under the evidence, defendants had no legal defense. Oxley v. Southland Life Ins. Co., 159 Okla. 287, 15 P. 2d 43; Wilson v. Federal Tax Co., 176 Okla. 90, 54 P. 2d 363; Board of Trustees of Firemen's Relief and Pension Fund v. Brooks, 179 Okla. 600, 67 P. 2d 4.

No attempt has ever been made to distinguish the two rules or to justify or harmonize, if possible, the rule of harmless error announced in the last-named cases with the rule announced in Estes v. Oklahoma City, Thomas v. Westheimer, and Williams v. Bumpers, supra, and other cases of similar import which hold that when issues of fact are formed by the pleadings under §556, Title 12 O.S. 1951, supra, and a trial by jury is requested but refused by the trial judge, it is error because such action would deprive the litigant of the legal right to a trial by jury. This seems to us to be the true rule for the reason that if the right of trial by jury shall be and remain inviolate, art. 2, §19, Okla. Const., upon issues of fact arising in actions for recovery of specific personal property, unless a jury trial is waived, §556, supra, then such denial of trial by jury would, we think, constitute erroneous unwarranted judicial action, notwithstanding the harmless error doctrine which is based upon the failure of a litigant's evidence to sustain his alleged defense. Courts have a duty to enforce strict observance of the constitutional and statutory provisions designed to preserve inviolate, right to, and purity of jury trial. An eloquent justification of our jury system is found in the many text-books and cases bearing on the subject which may be paraphrased by stating that we are cognizant of the fact that a jury trial is not an infallible mode of ascertaining truth, and like all human institutions it has its imperfections; still it remains the best protection for the citizen in his property rights as well as his liberty. It has stood the test of experience better than any other legal institution that ever existed among men, and it has met universal approbation among those who lived under it, and by the greatest thinkers who have investigated it impartially; and it is the imperative duty of the courts to jealously guard any unauthorized encroachment upon the right of trial by jury as guaranteed to the citizens by the Constitution and statutes.

The effect of the rule that "Error in denying a jury trial in an action properly triable by jury is rendered harmless where the evidence presents no legal defense," is to disregard the plain intent and context of our statute and give trial judges the right to deny a litigant a jury trial in violation of rights conferred upon litigants by statute, §556, supra, and as guaranteed under art. 2, §19 of the Oklahoma Constitution.

Obviously, in this case, there was no waiver of the right to a jury trial. The statute provides the manner in which trial by jury may be waived. 12 O.S.

46

1951 §591. Waiver of this right must be strictly construed, and trial by jury may only be waived in one of the statutory methods. This has been held in both civil and criminal cases. See Pancoast v. Eldridge, 157 Okla. 195, 11 P. 2d 918; Ex parte Wilkins, 7 Okla. Cr. 422, 115 P. 1118; State ex rel. Atty. Gen. v. LeVan, 182 Okla. 371, 77 P. 2d 748.

This court, in State ex rel. Atty. Gen. v. LeVan, supra, held that after a demand for a jury trial has been erroneously refused, there is no waiver by going forward and introducing evidence. This rule, we think, is sound. To hold otherwise would place the burden upon a defendant to first prove that he was entitled to a jury trial, and then, if the trial judge saw fit, try his case to a jury. Such is not the law. A jury trial would not in any way affect the rights of a plaintiff because if during the course of the trial the defendant fails to make a proper defense, or present an issue of fact on the evidence presented to the jury, then the court may, in proper cases, withdraw the case from the jury and direct a verdict for the plaintiff.

Our former cases, Oxley v. Southland Life Ins. Co., supra; Wilson v. Federal Tax Co.; Board of Trustees of Firemen's Relief and Pension Fund v. Brooks, supra, holding that the error in denying a jury trial in an action properly triable by a jury is rendered harmless where the evidence presents no legal defense, are hereby expressly overruled in so far as they conflict with the holding in the instant case.

Other questions presented herein will not be considered because a new trial must be granted and such other errors as may have occurred in the trial of the cause may not reoccur.

The cause is reversed, with directions to grant defendants a new trial in accord with the views herein expressed.

HALLEY, C.J., and WELCH, CORN, DAVISON, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur. ARNOLD, J., concurs in conclusion.