Robert E. NICHOLSON, d/b/a Nicholson Plumbing & Heating, Plaintiff in Error,

v.

Paul G. McGUIRE and Ola Irene McGuire, Defendants in Error.

No. 41296.

Supreme Court of Oklahoma.

Nov. 28, 1967.

Frank T. McCoy, Robert P. Kelly, Bruce W. Gambill, Pawhuska, for plaintiff in error.

Fred Tillman, Pawhuska, Bill Heskett, Jack Heskett, Bartlesville, for defendants in error.

WILLIAMS, Justice.

There is involved here an action in rem to foreclose a mechanic's and materialman's lien on real estate situated in Pawhuska, Oklahoma. Parties will be referred to as they appeared in the trial court.

Plaintiff in his verified petition alleges that he furnished certain material and performed certain electrical and plumbing services upon a building located on the above premises, the value thereof being $542.03. He seeks a judgment in rem for said amount and foreclosing his lien.

The defendants for their first answer filed a general denial verified by one of the defendants. Later they filed an unverified amended answer. Therein they deny the allegations of plaintiff's petition and deny the correctness of the account. They affirmatively allege as follows:

"That there is a complete failure of consideration by whatever party or parties, individual, corporation or business institution who performed any of the work or any part thereof in that said work was not performed or done according to any written contract or was there any contract or agreement whatsoever with the defendant, Paul G. McGuire, either in person or by an agent and there was a complete failure of consideration by and between the alleged plaintiff herein and the defendant Ola Irene McGuire as to the work as performed. That said work was not performed in a workmanlike manner and these defendants specifically deny that the amount of work was done or the amount of materials furnished as set forth in the bill herein filed and specifically pleads a failure of consider-

ation and specifically pleads an over charge by the alleged plaintiff herein in the amount of labor performed both by the plaintiff, the plumbers helpers and allege that the overcharge amounts to the sum of approximately $304.53."

Defendants tendered the sum of $237.50 in full settlement of the litigation.

Plaintiff timely filed a reply consisting of a general denial.

Without the filing of additional pleadings the cause proceeded to trial upon the issues made by the described pleadings before the trial judge without a jury. Evidence was submitted by both parties. The court took the case under advisement and soon thereafter, entered specific findings. Omitting the discussion of the pleadings, these findings are as follows:

"Relief against Paul G. McGuire, the co-defendant, is denied because the plaintiff failed to offer any proof that he was a party to the alleged contract made by his co-defendant Ola Irene McGuire.

"The plaintiff rendered his services and furnished material pursuant to an estimate of $237.50 rendered by him to Mrs. McGuire. No contract was actually made by or between the parties. If Mr. Nicholson was not aware how much work and material was contemplated he should have requested Mrs. McGuire to clarify her meaning. He obviously misunderstood her meaning and she likewise misunderstood his when he submitted his bid.

"There was no contract because there was no meeting of the minds.

"Therefore, the court is obliged to weigh and consider the equities presented by this litigation.

"The court, therefore, finds and adjudges as a matter of equity that the plaintiff is entitled to an in rem judgment in the amount of $387.75 against Ola Irene McGuire, which is made a lien upon the real estate involved herein."

The court adopted said findings as a part of the judgment entered in favor of the plaintiff against the defendant Ola Irene

McGuire for the sum of $387.75 and declared said judgment a lien on the property heretofore described.

Defendants prosecuted no appeal from the judgment and deposited the amount of said judgment in the office of the clerk of the trial court. Plaintiff prosecutes this appeal from the overruling of his motion for new trial.

Plaintiff contends that the trial court should have awarded judgment for the full amount prayed for in his petition as against both defendants for the reason that the amended answer of the defendants is not verified and therefore the fact of agency of the wife for the husband and correctness of the account and the amount due thereon stands admitted.

12 O.S.1961, § 286, provides that "allegations of the execution of written instruments * * * or the correctness of any account duly verified * * * shall be taken as true unless the denial of the same be verified * * *"

In construing the above section we have held that the verification required may be waived and is waived by the opposing party filing a reply and proceeding to trial without specifically challenging the lack of verification. Ward v. Coleman, 170 Okl. 201, 39 P.2d 113; Hedlund v. Brogan, 167 Okl. 393, 30 P.2d 164; Whitney v. Low, 137 Okl. 1, 278 P. 1096; Jones v. Citizens' State Bank, 39 Okl. 393, 135 P. 373.

█ Plaintiff did not challenge the lack of verification by motion to strike or motion for judgment on the pleadings nor did he plead the lack of verification as a portion of his reply but proceeded to trial. Any irregularities connected with the verification of the answer were therefore waived.

█ Plaintiff appeals on the original record but does not include in the record filed in this Court a transcript of the evidence offered at the trial. In the absence of a transcript of the evidence we assume that the judgment of the trial court is sustained by the evidence.

Finding no error in the record the judgment of the District Court of Osage County is therefore affirmed.

JACKSON, C. J., and BLACKBIRD, LAVENDER and McINERNEY, JJ., concur.

IRWIN V. C. J., and DAVISON and HODGES, JJ., concur in result.