The CITY OF ARDMORE, a Municipal Corporation, Appellee,

v.

E. G. JACKSON, Appellant.

No. 48467.

Supreme Court of Oklahoma.

June 13, 1978.

Woodrow George, George & Austin, Ardmore, for appellant.

Theodore J. Pasley, City Atty., Ardmore, for appellee.

IRWIN, Justice.

City of Ardmore (appellee) commenced condemnation proceedings to acquire a tract of land for a municipal reservoir. E. G. Jackson (appellant) owned a part of the land involved. Condemnation was necessitated after negotiations to purchase failed. Commissioners were appointed and in due time filed their report. There is no contention that the empaneling of the commissioners or their report was in any manner legally defective or insufficient. The commissioners entered a significantly higher award for appellant. Within sixty days of filing of the commissioner's report, appellant filed a written demand for a jury trial as to the amount of damages. Appellee moved to strike appellant's demand for a jury trial asserting that there had been an accord reached fully settling the claims of appellant against appellee in the condemnation proceedings. Appellant countered with a verified general denial. The matter was set for hearing before the court.

Hearing was held June 2, 1969, over the objection of appellant who asserted the trial court had no authority to hear and determine the matter because the issue was properly a matter for presentation to a jury. The court overruled appellant's objections and evidence was submitted. Although both parties disagree as to their intentions and the significance of the events which took place, there is no substantial disagreement as to what actually occurred. Settlement negotiations had been pursued between the parties. Appellee had paid the full amount of the award of the commissioners into court. There followed a meeting in which appellee argues the settlement was reached. Appellant was to be paid the full amount of the commissioners' award, which he could draw from the court clerk, and additionally, appellant was to be permitted to remove from the condemned land his improvements, house, barn and certain out buildings. A letter was prepared at the request of appellant addressed to appellant which informed him he must move his improvements as soon as possible. This letter was to be used by appellant to secure additional time off from work to move the improvements. Appellant also drew the commissioners' award from the court clerk's office. It is a matter of record that the improvements removed by appellant were considered by the commissioners in their total award.

Appellant testified he did not believe he had settled the case and further that he was told by his attorney that drawing out the commissioners' award would not prejudice his right to contest the amount of the award. The assistant city attorney and counsel who represented appellant during the condemnation proceedings both testified that they had considered the matter closed and fully settled after the meeting.

At the conclusion of the hearing the matter was carried over for arguments of counsel at some later date to be established by agreement of the parties. No further hearings were held nor any action taken on the case for almost six years. When the case finally came to the attention of the court, hearing was set, argument heard and appellee's motion to strike appellant's demand for a jury trial was sustained.

Appellant presents two propositions for reversal. First, appellant asserts it was error for the trial court to hear and rule on appellee's motion to strike the demand for a jury trial as the issue of compromise and settlement was a controverted question of fact reserved as a province of the jury on trial of the issues. Second, appellant argues the evidence does not support the trial court's ruling.

There can be no serious dispute with the general proposition advanced by appellant to the effect that compromise and settlement would normally be presented on controverted facts as an issue for resolution by the jury in the trial of an ordinary civil action for recovery of damages. *Bourne v. Leathers*, Okl., 340 P.2d 238 (1959). Condemnation proceedings, however, are not ordinary civil actions. They are special proceedings and must be carried out in accord-

ance with legislatively prescribed procedure. Article 2, § 24, Oklahoma Const.; and *Board of County Commissioners of Creek County v. Casteel*, Okl., 522 P.2d 608 (1974). There is no absolute right to a jury trial in civil proceedings. Where as in the case at bar we are concerned with a proceeding of a special type, the right to a jury or the lack thereof is exclusively controlled by the applicable legislation. 66 O.S.1971, § 55, in pertinent part provides:

"The report of the commissioners may be reviewed by the district court, on written exceptions filed by either party, in the Clerk's office within thirty (30) days after the filing of such report; and the court shall make such order therein as right and justice may require, either by confirmation, rejection or by ordering a new appraisement on good cause shown; or either party may within sixty (60) days after the filing of such report file with the clerk a written demand for a trial by jury, in which case the amount of damages shall be assessed by a jury, and the trial shall be conducted and judgment entered in the same manner as civil actions in the district court."

▇ Appellee's contention is that the only function to be performed by a jury in a condemnation proceeding is the assessment of damages sustained by reason of the taking. All other issues of law or fact are matters to be presented and determined by the court sitting without a jury as raised in the objections. Therefore, according to appellee, while the issues involved in the question of a compromise and settlement may indeed be ones necessitating resolution of fact questions, they are nevertheless the appropriate concern of the trial court.

We think appellee has correctly stated the law in this regard. Although not presented with the precise question here raised, the Court in *State ex rel. Attorney General v. Le Van*, 182 Okl. 371, 77 P.2d 748 (1938), undertook to discuss the separate roles of the court and jury in a condemnation suit. In *Le Van* the court said:

"This function of the court is distinct from the function of a jury; * * *

The function of the jury is to assess the amount of damages. The function of the court is an examination into the regularity of the commissioners' action[s] and a general supervision of the proceedings."

Matters presented in this case are somewhat unusual in that normally issues unrelated to the amount of damages are presented to the court in the form of objections to the report of the commissioners. *Board of County Commissioners v. Casteel*, supra. Here, procedurally at least, the parties are reversed, appellee as the condemning agency seeking to prevent a jury trial on an issue unrelated to the amount of damages. We do not think this should change the result reached when the applicable law is employed. Also, as the issue presented goes to appellant's right to recover damages rather than to the value of the property taken, it cannot be successfully argued that the compromise and settlement issue is merely a defense to the amount of damages appellant would be entitled to recover.

▇ As the trial court was, in the circumstances presented in the case at bar, the trier of the factual issues, the only question remaining for resolution is whether the evidence supported the trial court's ruling. There can be no serious question as to the sufficiency of the evidence. Regardless of the subjective intentions of appellant during the settlement negotiations, his objective conduct was entirely consistent with a full compromise and settlement of the dispute between the parties. Appellant negotiated for and received, in addition to the commissioners' monetary award, the right to remove and retain his improvements, the value of which were admittedly included in the commissioner's award. We cannot say that the trial court's order sustaining the motion to strike appellant's demand for a jury trial was unsupported by the evidence.

JUDGMENT OF THE TRIAL COURT AFFIRMED.

All the Justices concur.