Parmelia Fisher *et al.*

| 104 | 323 |
| 211 | ¹360 |

*v.*

The Chicago and Springfield Railroad Company.

*Filed at Springfield September 28, 1882.*

1.  Eminent domain—*not limited to first condemnation.* The law does not require a railroad company to acquire, by condemnation, all the lands necessary for the construction and operation of its road at the same time. It may increase its facilities as the business of the country may require.

2.  So, where a railroad company had a side-track for many years before, connecting its main track with a public warehouse and elevator, in a town, over the land of another, but without having the right of way therefor except by the mere consent or license of the owner, it was *held*, that the company had the right to institute proceedings to condemn the land over which such branch run, for right of way.

3.  Presumption—*in favor of judgment below.* Where the evidence heard in the court below in a proceeding to condemn land for right of way, is not preserved in the record, every presumption will be indulged by this court in favor of the findings of the court upon all questions of fact.

Writ of Error to the Circuit Court of Logan county; the Hon. Lyman Lacey, Judge, presiding.

Mr. Oscar Allen, for the plaintiffs in error:

Under the present statutes a railroad corporation can not exercise the right of eminent domain, to condemn land for the purpose of running a short branch from its main line to an elevator or warehouse situated a short distance from the main track, especially after the main line is finished. *Mayor of Macon* v. *Macon and Western R. R. Co.* 7 Ga. 221; *Morris and Essex R. R. Co.* v. *Central Railway*, 2 Vroom, 305.

The grant of such a power being in derogation of the common law, is to be strictly construed. *Gray* v. *Liverpool and Bury Ry. Co.* 9 Beav. 391; *Charles River Bridge* v. *Warren Bridge*, 11 Pet. 420.

Messrs. MOORE & WARNER, for the defendant in error:

There being no bill of exceptions, the judgment of the court below must be affirmed. *Nason* v. *Letz*, 73 Ill. 371; *Reichwald* v. *Gaylord*, 73 id. 501; *Choate* v. *Hathaway*, 73 id. 518; *Nimmo* v. *Kuykendall*, 85 id. 476; *Baber* v. *Pittsburg, Cincinnati and St. Louis R. R. Co.* 93 id. 342; *Magill et al.* v. *Brown et al.* 98 id. 235; *Parsons* v. *Evans*, 17 id. 238; *Daniels* v. *Shields*, 38 id. 198; *Snell* v. *M. E. Church*, 58 id. 290; *Reed* v. *Horne*, 73 id. 599; *D. M. Force Manf. Co.* v. *Horton*, 74 id. 310; *Jennings* v. *Hinckle et al.* 81 id. 183; *Darst* v. *Thomas*, 87 id. 222; *Dalton* v. *Roach*, 89 id. 85; *Chicago, Burlington and Quincy R. R. Co.* v. *Wilson*, 17 id. 123; *Low* v. *Galena and Chicago R. R. Co.* 18 id. 324.

The amount of land which the company is authorized to take is measured by the necessities of the case only. *Bowman et al.* v. *Venice and Carondelet Ry. Co.* 102 Ill. 459; *New York Central R. R. Co.* v. *M. G. L. Co.* 63 N. Y. 326; *C. R. R. Co.* v. *Speer*, 56 Pa. St. 325; *Philadelphia R. R. Co.* v. *Williams*, 54 id. 103; *Pratzman* v. *Ind. R. R. Co.* 9 Ind. 467; *Knight* v. *C. R. R. Co.* 9 La. Ann. 284; *New Orleans R. R. Co.* v. *Second Municipality*, 1 id. 128; *T. and W. R. R. Co.* v. *Daniels et al.* 16 Ohio St. 390.

The act giving the company the franchise makes it the judge of the necessity, and the question of its necessity can not be raised in this proceeding. *Chicago, Rock Island and Pacific R. R. Co.* v. *Town of Lake*, 71 Ill. 333.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

On the 3d of February, 1880, the Chicago and Springfield Railroad Company filed its petition, under the Eminent Domain act, in the Logan county circuit court, praying the condemnation of a strip of land situated in the town of Mt. Pulaski, in said county, of the width of forty feet, and extending from the main track of the company's road to a

public warehouse and elevator in said town.    At the time of filing the petition, and long prior thereto, the strip of land in question was occupied by a side-track of the company, connecting the main line of its road with the warehouse and elevator.    It appears, however, it was originally constructed and so used and occupied by the railway company by the mere permission or license of the owners, no legal steps having ever been taken by the company to have it condemned for that purpose, until the commencement of the present proceedings.

The petition appears to contain all the requirements of the statute.    Indeed, it is not claimed it is in any respect defective, or that there is any irregularity in the proceedings. The plaintiffs in error, who appear of record to be the owners of the land sought to be condemned, appeared and answered the petition, and also filed a cross-petition, in which they interpose a claim for damages to adjacent lands not taken. The question of compensation, both upon the petition and cross-petition, was submitted to a jury, who fixed it at $50 for the strip taken, and nothing for the lands not taken, and the court entered judgment in favor of plaintiffs, and against the defendant in error, for the amount of compensation as fixed by the verdict of the jury, and also an order directing that upon the payment of this amount the petitioner should have the right of way over the strip of land in question, according to the prayer of the petition.    To reverse this order and judgment the plaintiffs in error bring the case to this court, and assign for error the making of said order of condemnation.

Under this assignment of error counsel for plaintiffs makes but a single point, which, expressed in his own language, is, "that a railroad corporation organized under the present statutes of this State can not exercise the right of eminent domain, to condemn land for the purpose of running a short branch from their main line to an elevator or warehouse situ-

ated at a distance from the main track, especially after the main line is finished." To what extent a railway company, with the ordinary powers of such companies, after having completed its main line of road and such side-tracks as were supposed to be necessary for the convenient transaction of its business, may, with the view of increasing its business facilities so as to meet the wants and necessities of the public, avail itself of the Eminent Domain act, for the purpose of obtaining additional grounds and building short tracks connecting the main line of its road with public elevators and warehouses in its immediate vicinity, without an additional legislative grant for that purpose, is not fully presented by this record, and we do not therefore feel called upon to enter upon any extended discussion of the question. The petition shows upon its face the side-track occupying the strip of land sought to be condemned was laid out and constructed as long ago as August, 1873, by the Gilman, Clinton and Springfield Railroad Company, under which the defendant in error claims, and it is expressly characterized in the petition as a side-track of the road, the same having been continuously used as such ever since its construction, in 1873. The authority of the present company to purchase and operate the railroad, with its side-tracks and appurtenances, is sufficiently set forth in the petition, and we perceive no sufficient reason why the present company may not now properly institute condemnation proceedings to acquire the land occupied by the side-track in the same manner it, or the company under which it claims, clearly could have done had the proceedings been instituted at an earlier day. We are aware of no rule of law that requires a railway company to acquire, by condemnation, all lands necessary for the construction and operation of its road at the same time. Often it is difficult, if not impossible, to tell in the first instance what amount will be required for such purpose, as this depends so largely upon the growth and development of

country towns and villages along the line of the road.  We
see nothing in the objection urged.

The evidence not having been preserved in the record,
every presumption will be indulged in favor of the findings
of the court upon all questions of fact.

Perceiving no error in the record, the judgment of the
court below will be affirmed.

*Judgment affirmed.*