J. H. HERMAN et al., Appellants, v. BOARD OF PARK COMMISSIONERS OF BOONE et al., Appellees.

**EMINENT DOMAIN:** Nature of Power—Power Not Subject of Contract. A municipal arm of the government may not deprive itself by contract,—even on a valid consideration,—of the right of eminent domain duly vested in it.

Headnote 1:  20 C. J. p. 516 (Anno.)

*Appeal from Boone District Court.*—SHERWOOD A. CLOCK, Judge.

NOVEMBER 24, 1925.

ACTION in equity, wherein the plaintiffs seek an injunction to restrain the defendants from prosecuting certain condemnation proceedings. A general equitable demurrer to the petition was sustained.—*Affirmed.*

*J. J. Snell* and *T. J. Mahoney,* for appellants.

*Dyer, Jordan & Dyer* and *F. L. Mackey,* for appellees.

FAVILLE, C. J.—The petition alleges that appellants are the owners of certain described real estate, and that the appellee board of park commissioners is about to proceed with the condemnation of said premises for public park purposes. The petition alleges that, in the year 1914, appellant Emma Herman made a gift to the city of Boone of certain real estate for the use of the city for park purposes, and that thereafter the board of park commissioners of the city of Boone determined to make

an addition to said park, and undertook to condemn for park purposes certain property belonging to the said appellant. It appears also from the petition that the premises then proposed to be condemned by the park commissioners included the property in controversy in this action, together with other property belonging to appellants. It is alleged that the premises proposed to be condemned in said proceeding were appraised by a jury, and that thereafter appellants herein appealed to the district court from the valuation placed upon said lands. After said appeal had been taken, and while the same was pending in the district court, appellants and the then board of park commissioners entered into a stipulation of settlement of said pending action. Appellant Emma, who, it appears, held the legal title to the premises, submitted to the board of park commissioners a proposition and stipulation of settlement, which was accepted. The proposition of appellant was that she would at her own expense erect a pavilion, similar to the pavilion existing on the chautauqua grounds at Ames, during the year 1916, and would contribute $2,000 to be expended by the board of park commissioners on roads and other improvements in said park. The stipulation of settlement described the several tracts of land which the board of park commissioners sought to condemn, and recited as follows:

"Now, in order to settle all differences arising between said board and said parties, and dismiss said appeals, it is hereby agreed that the [describing the premises] shall be taken at the appraised price thereof, with two thousand dollars added thereto, and no other land taken, in consideration of which additional price to be paid for said real estate, and the exclusion of the remainder of the premises appraised, and as a part of the consideration of this settlement, the said Emma Herman agrees to contribute to the improvement funds of said board of park commissioners the sum of two thousand dollars, said premises so taken to be resurveyed and actual acreage determined."

Said settlement was carried out according to its terms; and thereafter, and shortly before the institution of the present action, the board of park commissioners instituted proceedings to condemn the premises in controversy, the same being a portion (but not all) of the premises sought to be condemned in the

original condemnation proceedings in which the settlement above referred to was made.

All of the foregoing facts appear on the face of the petition.

The demurrer challenges the sufficiency of the facts so pleaded to entitle appellants to an injunction restraining the prosecution of the pending condemnation proceedings.

I. It is the contention of appellants that appellees cannot now institute condemnation proceedings to secure the real estate in question, because of the fact that, in settlement of prior condemnation proceedings, appellees entered into a contract with appellants, which was performed by appellants, by which contract it is claimed appellees and their successors are prevented perpetually from instituting condemnation proceedings for the same property, or any portion thereof, that was involved in the original condemnation proceedings, and which was not taken by the city at said time for public purposes.

A few general observations may be valuable at this point.

It is elementary that the power of eminent domain is vested in the state, and it can be exercised by a city only as such power is expressly delegated to the municipal corporation. *Field v. City of Des Moines,* 39 Iowa 575. When the power to condemn has been delegated to a municipality by the state, the municipality has the same power as the state, acting through any legally constituted authority. *Bennett v. City of Marion,* 106 Iowa 628. A statute of the state provides for the election of park commissioners in cities of the class of the city of Boone. Code of 1897, Section 850 (Code of 1924, Section 5787). A statute also provides that the park board "may acquire real estate within or without the city for park purposes, by donation, purchase or condemnation." Code of 1897, Section 853, and Code Supplement, 1913, Section 850-e (Code of 1924, Section 5797). The board of park commissioners is, therefore, expressly vested by statute with the power of eminent domain and the right to condemn real estate for park purposes.

It being granted, for the sake of the argument, at this point, that such a contract was entered into between appellants and the board of park commissioners as constituted at said time, the question arises as to whether or not such contract, if made, is valid and enforcible against appellees, and constitutes a com-

plete bar to the right of these appellees to prosecute condemnation proceedings for the purpose of taking said property for a public park.

Assuming that the board of park commissioners could bind their successors in office by a valid contract of this kind (a question upon which we reserve the expression of an opinion), we think it must be held that a contract of the kind contended for, even though based upon a valid consideration, cannot be interposed as a bar against the right of the municipality to exercise the right of eminent domain.

The right of eminent domain emanates from the sovereignty, and is a right in which the public has a vital concern. The municipality, clothed with this right by legislative enactment, cannot, by contract wth a private individual, deprive itself of the right to exercise the power of eminent domain for the benefit of the public. The public has a right that cannot be thus disposed of.

In *West River Bridge Co. v. Dix*, 6 How. 507 (12 L. Ed. 535), it is said:

"This power, denominated the *eminent domain* of the state, is, as its name imports, paramount to all private rights vested under the government, and these last are, by necessary implication, held in subordination to this power, and must yield in every instance to its proper exercise. * * * A correct view of this matter must demonstrate, moreover, that the right of eminent domain in government in no wise interferes with the inviolability of contracts; that the most sanctimonious regard for the one is perfectly consistent with the possession and exercise of the other. * * * But into all contracts, whether made between states and individuals or between individuals only, there enter conditions which arise not out of the literal terms of the contract itself; they are superinduced by the pre-existing and higher authority of the laws of nature, of nations, or of the community to which the parties belong; they are always presumed, and must be presumed, to be known and recognized by all, are binding upon all, and need never, therefore, be carried into express stipulation, for this could add nothing to their force. Every contract is made in subordination to them, and must yield to their control, as conditions inherent and paramount, wherever

a necessity for their execution shall occur. Such a condition is the right of eminent domain.''

The rule recognized in the cited case has been followed consistently by the Supreme Court of the United States. See *Long Island Water Sup. Co. v. City of Brooklyn,* 166 U. S. 685; *Galveston Wharf Co. v. City of Galveston,* 260 U. S. 473.

In *Contributors to Pennsylvania Hospital v. City of Philadelphia,* 245 U. S. 20, it is said:

''There can be now, in view of the many decisions of this court on the subject, no room for challenging the general proposition that the states cannot, by virtue of the contract clause, be held to have divested themselves by contract of the right to exert their governmental authority in matters which from their very nature so concern that authority that to restrain its exercise by contract would be a renunciation of power to legislate for the preservation of society or to secure the performance of essential governmental duties. *Beer Co. v. Massachusetts,* 97 U. S. 25; *Stone v. Mississippi,* 101 U. S. 814; *Butchers' Union Co. v. Crescent City Co.,* 111 U. S. 746; *Douglas v. Kentucky,* 168 U. S. 488; *Manigault v. Springs,* 199 U. S. 473; *Texas & New Orleans R. Co. v. Miller,* 221 U. S. 408.''

If the state cannot by contract deprive itself of the right to exercise the power of eminent domain, certainly a municipality to which the state has granted the right of eminent domain, under certain limitations, cannot deprive itself by contract of the power to exercise that right. The creature can have no greater power than the creator.

Both on principle and authority it must be held that a contract which purports to bind a municipality vested with the right of eminent domain not to exercise such right, is unenforcible against such municipality.

As bearing somewhat upon the question herein discussed, although not directly in point, see *Snouffer v. Cedar Rapids & M. R. Co.,* 118 Iowa 287; *Erickson v. City of Cedar Rapids,* 193 Iowa 109; *Fisher v. Chicago & S. R. Co.,* 104 Ill. 323; *Chicago & W. I. R. Co. v. Illinois C. R. Co.,* 113 Ill. 156; *In re City of New York,* 45 Misc. 184 (91 N. Y. Supp. 987); *City of Osceola v. Chicago, B. & Q. R. Co.,* 116 C. C. A. 72 (196 Fed. 777); *Chicago, B. & Q. R. Co. v. Nebraska,* 170 U. S. 57.

Appellants rely upon *Cornwall v. Louisville & N. R. Co.*, 87 Ky. 72 (7 S. W. 553). It appears in that case that a landowner entered into a contract with the city of Louisville by which he granted certain lands to the city for the use of a railway company, upon the express condition that no more land was ever to be taken against his consent for railway purposes. The court held that the power of eminent domain "cannot be impaired or defeated by any private contract between a railroad company and the owner of property that the legislature may at any subsequent time deem necessary for public use;" and the court held that the trial court had no power to enjoin the proceeding to condemn absolutely, but that the power would exist, and should be exercised, "to put appellee upon the terms of first paying for the land of appellants ceded under the contract of 1872."

We find nothing in the statutes of this state by which any such condition precedent can be imposed upon the right of the municipality to institute condemnation proceedings. This action is brought to enjoin the prosecution of condemnation proceedings under which it is sought to take a portion of appellants' property for a park purpose. The courts cannot impose upon appellees the performance of conditions not provided by statute, before they may proceed with the condemnation proceedings. The property is subject to condemnation for the purpose for which it is sought to be condemned. The amount of damages which appellants will suffer is properly ascertainable in the condemnation proceedings. A court of equity cannot enjoin the prosecution of such proceedings and impose as a condition precedent that something, by way of restoration or otherwise, not contemplated by the statute, shall first be done.

We see no escape from the conclusion that appellants failed to plead a state of facts entitling them to the relief demanded, to wit, an injunction restraining appellees from proceeding under the statute to condemn the property of appellants for park purposes.

The foregoing discussion disposes of this appeal. The trial court was correct in sustaining the demurrer to appellants' petition. It is unnecessary that we construe the terms of the con-

tract or attempt to interpret its provisions, and we refrain from so doing.

All of the rights that are available to appellants in the pending condemnation proceedings, or under said contract, or for restoration of the status quo, are reserved to them, and are not determined by this proceeding. We limit our holding to the one question : that appellants' petition fails to state a cause of action entitling appellants to an injunction restraining appellees from prosecuting proceedings to condemn the lands in question for park purposes.

The decree of the district court is—*Affirmed.*

Stevens, Vermilion, and Albert, JJ., concur.