SEBA et al. v. INDEPENDENT SCHOOL DIST. NO. 3, OF DEWEY COUNTY.

No. 34869.    Feb. 10, 1953.

*253 P. 2d 559.*

Wise & Ivester, Sayre, and Ruble & Ruble, Taloga, for plaintiffs in error.

E. F. Collier, Taloga, for defendant in error.

HALLEY, C. J. The parties occupy reverse positions on appeal from their positions in the trial court and will be referred to as they appeared there.

The plaintiff had voted bonds in the amount of $60,000 with which to pay for the construction of a gymnasium building in the school district. The school was located on block 29 in the town of Leedey, and the defendants owned all of block 28, which was immediately north of block 29. The school district owned other tracts of land in the town, but the property of defendants was on the main residential thoroughfare and directly across the street from the school building, and offered advantages for a location for the gymnasium in the way of easy access by automobiles and pedestrians. The school board attempted to purchase from the defendants a portion of block 28, but the defendants refused to sell, and the school board thereupon commenced this action for condemnation.

Appraisers were duly appointed and the proper procedure had for the condemnation of a certain tract of land in the south half of block 28. The appraisers made the appraisement, fixing the value of the property at $2,750, and this amount was paid into court and the property was taken over by the school district and a gymnasium constructed. The defendants filed no application for a jury trial, but they did file objections to taking the property, charging that the property was being taken for arbitrary and spiteful reasons and that the school board did not have the funds with which to purchase the property but had to borrow it on the members' own personal note from the First National Bank of Leedey, and that the plaintiff had other property on which the gymnasium could have been erected.

A trial was had on the objections filed by defendants. The defendants assumed the burden of proof—whether by order of the court or by their own volition does not appear in the record. However, it was said in the journal entry of judgment that the burden of proof was placed upon the defendants by the trial court. In view of the facts in this case, we do not consider that it was error for the trial court, if it did, to require defendants to assume the burden. The school board was acquiring a site for a gymnasium which would be an important part of the school program and which would be close to the main school building. This was a place where basketball games and public meetings would be held, and for that reason its accessibility, both to the public and to the students, was a major consideration. In their objection to the taking of the property the defendants questioned the right of the plaintiffs to exercise eminent domain. The school board thought the property condemned was needed for school purposes and no evidence was offered to the effect that their judgment on this question was not sound. See 29 C.J.S. Eminent Domain, sec. 269.

We held in Fischer v. Oklahoma City, 198 Okla. 22, 174 P. 2d 244, that when a city undertakes to take a fee-simple title to real estate by eminent domain the owner may offer legal objections thereto with respect to the need for the taking and the nature of the estate taken, but if the owner did not offer these objections he waives them. No showing was made in the case at bar that the school board did not need this property or that it did not have the right to take it by eminent domain.

In Wilkerson v. Grand River Dam Authority, 195 Okla. 678, 161 P. 2d 745, we

held that where defendant landowner assumed the burden of proof in the trial court, he could not complain of the court's instruction that the burden was upon him to make out his case by a fair preponderance of the evidence. The record in the case at bar shows no protest on the part of defendants to the requirement that they assume the burden of proof. We have held that improperly placing the burden of proof on one party, in a case tried to the court, did not constitute reversible error. Metropolitan Casualty Co. v. Dolese Bros. Co., 163 Okla. 36, 20 P. 2d 569; Austin, Adm'r, v. Evans et al., 132 Okla. 238, 270 P. 26. See, also, 12 O.S. 1951 §78.

The defendants complain also that there was no evidence offered by plaintiff to show the necessity for taking any property of the defendants, or of rendering the judgment approving the taking of all the land. The land that was taken for the site of the gymnasium appears from the record to be as follows:

Beginning at the Southwest corner of Block 28 of the Town of Leedey, Oklahoma; thence north a distance of 125 feet, thence east a distance of 130 feet, thence south a distance of 25 feet, thence in an easterly direction to the east side of said block, thence south 100 feet, thence west to place of beginning, according to the recorded plat of the town of Leedey, Oklahoma.

From the description of the land taken for the gymnasium, this was not too much ground for such a building when modern conditions and the popularity of athletics among high school students are considered. The ordinary rule in condemnation cases is that while the particular property sought to be condemned must be necessary for the proposed project, the condemnor's decision as to the necessity for taking particular property will not be disturbed in the absence of fraud, bad faith, or abuse of discretion. 29 C.J.S. Eminent Domain, §90. Under certain circumstances, we have held that this was to be a judicial question where land is being condemned in excess of that actually needed to accomplish the purpose for which condemned. This was true in Grand River Dam Authority v. Thompson, 189 Okla. 89, 113 P. 2d 818. In that case, the Grand River Dam Authority was attempting to take land that was above the high-water mark required for the purposes of the project, and we held that under those circumstances it became a judicial question as to whether or not the land could be taken. The evidence of defendants failed to show any spite, prejudice, or improper conduct on the part of the school board in its efforts to acquire the tract in question for the site of the gymnasium.

The defendants did not argue their proposition that the condemnation was illegal because the school board had no funds with which to pay for the property. However, we have held in several instances that the landowner cannot inquire into the source of the money to pay for the land, and all that is required is that just compensation be made. Bilby v. District Court of Ninth Judicial District, 159 Okla. 268, 15 P. 2d 38.

The evidence of the defendants wholly failed to show any reason why the condemnation was improper, and the judgment of the trial court in sustaining the demurrer to the evidence was correct.

Judgment affirmed.