### GRAHAM v. CITY OF TULSA.
### No. 35883.

Supreme Court of Oklahoma.

June 30, 1953.

Rehearing Denied Oct. 13, 1953.

Chas. D. Scales, Oklahoma City, for plaintiff in error.

A. M. Widdows, Philip F. Hendricks, Tulsa, for defendant in error.

WELCH, Justice.

The street involved is Utica Avenue in Tulsa, extended north one block from 12th Street to 11th Street, taking 60 feet off the west end of the Graham lot and other lots similarly situated between 11th and 12th Streets, on the east side of the proposed new street.

Plaintiff in error Graham urges error in denying her protest and exceptions to the Commissioners' report in five propositions for reversal.

In the first proposition it is contended in effect that there is wrongful and unlawful discrimination in that City takes 60 feet off the Graham lot and only 20 feet off the property owned and occupied by the Hillcrest Memorial Hospital immediately across on the west side of the proposed new block-long street extension.

The evidence justifies the taking of only 20 feet off the hospital premises on account of the building, and the occupancy, and the building and occupancy program, of the hospital, which is a large and important hospital of the City of Tulsa. The trial court fully approved the official conclusion and determination of the City in that regard. There is nothing to indicate that City acted in any fraud or bad faith toward Graham, or that City in any way abused its discretion.

Therefore on this point, the action of City, as approved by the trial court judgment, merits affirmance. See Seba v. Independent School District No. 3, Okl.Sup., 253 P.2d 559.

We have not overlooked the fact that taking 20 feet off the hospital premises and 60 feet off the properties on the east side creates a slight jog in the street which would be avoided if 40 feet could, with propriety, be taken off the hospital premises and only 40 feet be taken off the properties on the east side of the street, but that fact alone under the circumstances here shown is not sufficient to show that City is acting in bad faith, or with abuse or in oppression, as to Graham. See Grangeville Highway Dist. v. Ailshie, 49 Idaho 603, 290 P. 717; State ex rel. Stephens v. Superior Court, 111 Wash. 205, 190 P. 234.

In the second proposition it is urged that the taking in the manner above set out is more a taking for the benefit of the hospital than for the benefit of the City, and is therefore a taking for private use as distinguished from a taking for public use. On this proposition plaintiff in error cites authorities which fully sustain the proposition that whether a particular condemnation purpose amounts to a public use or private use is always a question for the court. The trial court heard the evidence on this point, and much of that which we have said under the first proposition is applicable here. The plaintiff in error again emphasizes the slight jog in the street, but there is nothing therein to show any purpose of taking for the private use or benefit of the hospital.

In the third proposition it is urged that the laying out of this new block-long street in the manner above shown is an arbitrary exercise of the right of eminent domain. Here it is pointed out and the plat shows other streets east and west of Utica Avenue which extend from 12th Street north to 11th Street. However, no authority is cited to support a conclusion that these facts would prevent the City, in proper exercise of its discretion, from also opening and extending Utica Avenue through that block to 11th Street.

In the fourth proposition plaintiff in error contends for the right of trial by jury on her exceptions to the Commissioners' report. We observe that in condemnation proceedings jury trial may be had as to the damages to be paid, but there is no provision for a jury trial of exceptions to Commissioners' report. There was no right to jury trial here. See State ex rel.

896

Attorney General v. Le Van, 182 Okl. 371, 77 P.2d 748.

In the fifth proposition it is urged that the trial court erred in refusing to issue its order enjoining or restraining City from entering upon the premises of Graham pending determination of this appeal. We think we need not further discuss this proposition. Whether the trial court could or should have issued such an order is now of no importance, since we have considered each proposition urged by plaintiff in error, and have determined that the judgment of the trial court denying the protest and exceptions was fully justified by the showing made, and that no error was committed by the trial court.

The judgment appealed from is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, DAVISON, ARNOLD, WILLIAMS and BLACKBIRD, JJ., concur.