John H. BURKE and Thelma G. Burke,
Plaintiffs in Error,

v.

OKLAHOMA CITY, a Municipal Corpora-
tion, Defendant in Error.

No. 38350.

Supreme Court of Oklahoma.

Feb. 9, 1960.

Halley, Halley & Spradling, Oklahoma City, for plaintiffs in error.

A. L. Jeffrey, Bryan Mitchell, Oklahoma City, for defendant in error.

IRWIN, Justice.

The City of Oklahoma City commenced condemnation proceedings to condemn 8.56 acres of land owned by the defendants in case No. 141,171. Thereafter it commenced condemnation proceedings to condemn 1.72 acres of land owned by the same defendants in case No. 143,677. The land sought to be condemned is near the Lake Hefner Water Reservoir in Oklahoma County and the 1.72 acre tract is subject to an easement in favor of Oklahoma City and adjoins the 8.56 acre tract on the east.

After hearing exceptions to the reports of the Commissioners, the trial court struck defendants' cross-petitions seeking damages for land granted to the City by virtue of an agreement in a previous condemnation proceeding, denied the exceptions and entered judgment for the City in both cases. Upon stipulation of the parties, the court entered an order consolidating the cases for the purpose of appeal under case No. 141,171. The parties will be referred to as City and defendants.

In order to effectuate a better understanding of the issues involved, certain facts should now be presented. In 1941 the City commenced condemnation proceedings in case No. 104,026, against defendants and others condemning several hundred acres of land for water reservoir purposes. Defendants owned fifty acres of the land sought to be condemned in that action. This fifty acres and contiguous land owned by defendants were being used as an airport where pilots were being trained for the armed services and had the City condemned this fifty acre tract the efficiency of the airport for World War II preparations would have been seriously impaired.

By virtue of this, the City and the defendants made a compromise and an agreement was entered into and the proceedings condemning this fifty acre tract was dismissed.

Under the terms of the compromise and agreement the defendants in consideration of one dollar and other good and valuable consideration conveyed to the City by warranty deed a tract of land containing 15.26 acres which is adjacent to and lies immediately north of the two tracts sought to be condemned in the present action. The defendants granted an easement for drainage ditch and pipe lines over the 1.72 acres sought to be condemned in the present action and it was agreed the defendants would make no use of the land west of the drainage ditch which might result in pollution of the water reservoir.

The consideration for the deed and easement was the change and approval of plans for the water reservoir and the expenditure of additional money by the City to make such changes and defendants were granted the privilege of surface operations of aircraft from their runway to its seaplane landing location, if and when established. They were also granted the right to operate boating facilities and to build docks and a boat house. It was also agreed the City would erect no obstructions or make no use of the deeded lands as would prevent the use of such land as an airport. After the deeds and easements were issued, the cause was dismissed with prejudice by the court against defendants on application of the City.

### Pleadings

In both cases, 141,171 and 143,677, the City of Oklahoma City alleges that it is necessary to appropriate the land involved for public use and for the purpose of protecting the Lake Hefner Water Reservoir and locating and constructing improvements thereon. A copy of the Resolution adopted by the City of Oklahoma declaring the necessity, purpose and authorization to condemn each tract was attached to each petition.

The defendants' answer alleged all the matters set forth in the petition have been adjudicated between the same parties in cause No. 104,026, District Court of Oklahoma County. That they resisted the condemnation action in case No. 104,026, but as a compromise and settlement, entered into an agreement with the City whereby the defendants deeded to the City 15.26 acres of land and granted an easement to 1.72 acres, and the City agreed to release the tracts under consideration and dismiss the action which was later done. Defendants also plead waiver and estoppel. Attached to the answer is a copy of the application of the City to dismiss Case No. 104,026 with prejudice and the order of the court dismissing with prejudice. After the Commissioners filed their report the defendants filed exceptions thereto in which they reassert and make a part thereof all allegations contained in the answer and specifically alleged res adjudicata and estoppel. Defendants also plead there is no necessity for the taking and that the issue of necessity was determined in the former action and that the City does not now have the right to take, hold or occupy said land. By amendment the written contract with reference to the prior settlement in case No. 104,026 was made a part of the exceptions.

In a second amendment to the exceptions, defendants alleged in the alternative should the court for any reason find that the contract of settlement or the dismissal of case No. 104,026 not operate as res adjudicata, the defendants are entitled in equity to reverse condemnation to all the lands, easements and estates conveyed to the City under the 1941 agreement; that Commissioners should be appointed to appraise said interests and the defendants adequately compensated therefore with interest at the rate of 6% per annum from September 30, 1941.

## Evidence

The defendants' admitted the 8.56 acre tract had been platted into town lots and the plat filed with the Planning Commission. As to drainage into the water reservoir from the 8.56 acres, their engineer offered a plan to dig a drainage ditch between the lake and the land using the dirt from the ditch to build a dike on the side next to the reservoir, thereby preventing waste water from drainage getting into the reservoir.

The City offered the testimony of experts that the establishment of homes on the tract increased the danger of pollution; that the plan advanced by the defendants was not practical or feasible and would not be satisfactory.

## Contentions

The defendants contend the two tracts sought to be condemned in these two actions were involved in a previous condemnation proceeding between the same parties in cause No. 104,026, which was dismissed, that such dismissal released both tracts from future condemnation proceedings and the same constitutes res adjudicata; that if res adjudicata is not applicable, the City is estopped under the contract and dismissal to again seek to condemn the two tracts; that it was error for the trial court to strike their cross petition and not grant compensation for the 15.26 acres deeded and the easement granted to the City under the 1941 contract which formed the basis for the dismissal of case No. 104,026.

The City contends the taking of land by eminent domain proceedings is a legislative question; that the power of eminent domain is inalienable and being an attribute of sovereignty cannot be contracted away; that the trial court did not err in striking the cross petition of the defendants seeking damages for the tract deeded and the easement granted in 1941.

## Issues

Is a plea of res adjudicata and estoppel available as a defense in a second condemnation proceeding seeking to condemn the same land involved in a previous condemnation proceeding between the same mu-

nicipality and owners which was dismissed pursuant to a contract and agreement?

Did the trial court err in striking the defendants' cross petition seeking damages for the property deeded and the easement granted pursuant to the contract and agreement which formed the basis of the dismissal of the previous condemnation proceeding?

## Conclusions

■ Before determining the issues of res adjudicata and estoppel as pleaded by the defendants, we will first consider the right of the City to condemn additional land for the purpose of enlarging or protecting the Lake Hefner Water Reservoir after it had previously dismissed condemnation proceedings involving the same land sought to be condemned. In Hennen v. State ex rel. Short, 131 Okl. 29, 267 P. 636, the State sought to condemn additional land to make changes in an existing highway. The defendants, over whose land the highway extended, and wherein the state sought to take additional land for the proposed change contended the state could not take additional property as it had already designated that which was necessary. In holding the state could condemn additional property this court said the necessity, utility or expediency of the exercise of the right of eminent domain is vested in the legislature, or the legislature may delegate that power and a court has no power to interfere with the reasonable exercise thereof. See also Arthur v. Board of Com'rs of Choctaw County, 43 Okl. 174, 141 P. 1; Seba v. Independent School District No. 3 of Dewey County, 208 Okl. 83, 253 P.2d 559; Bilby v. District Court of Ninth Judicial District, 159 Okl. 268, 15 P.2d 38.

Our Legislature has provided that any municipal corporation within this state has the right of condemnation and has prescribed the procedure. The land sought to be condemned is within six hundred and sixty feet of the margin of the reservoir at maximum high water and the city passed Resolutions of necessity and the court found the city required the land for protection of its reservoir. We therefore hold the city could condemn the additional property if the issues of res adjudicata and estoppel do not prevent such action.

■ Res adjudicata and estoppel can be raised against a municipality under certain conditions. The elements of both res adjudicata and estoppel are present in the instant case and were properly raised and pleaded, yet in this particular action, such defenses are not available as against the City. To hold otherwise would be holding that a municipality can surrender, alienate and contract away or waive the right of eminent domain which it cannot do. This rule is forcefully set forth in 29 C.J.S. Eminent Domain § 4, p. 782, and in 18 Am.Jur. Sec. 7, on page 636 and Sec. 25 as found on page 650.

In support of the rule above, attention is first directed to the case of State of Georgia v. City of Chattanooga, 264 U.S. 472, 44 S.Ct. 369, 68 L.Ed. 796, wherein the Supreme Court of the United States held:

"A state's power of eminent domain cannot be surrendered, and, if attempted to be contracted away, it may be resumed at will".

To the same effect is the case of City of Norton v. Lowden, 10 Cir., 84 F.2d 663. The facts in the case of Herman v. Board of Park Commissioners, 200 Iowa 1116, 206 N.W. 35, are comparable to the facts in the present case. Therein Emma Herman was the owner of certain lands sought by condemnation proceedings for park purposes. While the case was on appeal Emma Herman submitted a proposition to the the Board of Park Commissioners that if the Board would take only certain parts of the premises sought and release the remainder of the property and dismiss the appeal, she would build a pavilion at her own expense and contribute $2,000 to be expended by the Commissioners on roads and other improvements in the park. This proposition was accepted, and the terms of the proposition fulfilled by Emma Herman

and the appeal was dismissed. Subsequent thereto, the Commissioners again sought to condemn a portion of the premises sought to be taken in the former action. Emma Herman filed an action setting out the above facts and prayed that an injunction issue. The trial court sustained a demurrer to her petition and on appeal the Supreme Court in Iowa held:

"Municipality, clothed with right of eminent domain by legislative enactment, cannot, by contract, with a private individual, deprive itself of right to exercise it."

The facts in the case of City of Moberly v. Hogan, 317 Mo. 1225, 298 S.W. 237, are also similar to the facts in the case at bar. In that case the defendant alleged that after deeding certain land to the city for street purposes, the city agreed it would thereafter not acquire, take or demand any other part of defendant's premises for said street. Thereafter, the City sought to condemn additional land and the Supreme Court on appeal held:

"Right to exercise power of eminent domain cannot be contracted away, and contract between the city and landowner, whereby city agreed not to condemn any land for a certain street, in consideration of the landowner's conveying to it certain land for that street, did not affect the city's power to condemn land therefor."

In the case of Public Service Co. of Colorado v. City of Loveland, 79 Colo. 216, 245 P. 493, the Supreme Court of Colorado held that a city has no power to execute a disclaimer of intention to take additional property, and thereby deprive it or its successors of free exercise of municipal powers. See also Southern Indiana Gas & Electric Co. v. City of Boonville, 215 Ind. 552, 20 N.E.2d 648; Muscoda Bridge Co. v. Worden-Allen Co., 196 Wis. 76, 219 N.W. 428; Public Service Co. of Colorado v. City of Loveland, 79 Colo. 216, 245 P. 493; State ex rel. Henry v. Superior Court for Chelan County, 155 Wash. 370, 284 P. 788; West River Bridge Co. v. Dix,

6 How. 507, 47 U.S. 507, 12 L.Ed. 535; Mobile & O. R. Co. v. Mayor and Alderman of Union City, 137 Tenn. 491, 194 S.W. 572, and Voight v. Saunders, 206 Okl. 318, 243 P.2d 654.

We conclude and hold that the right of eminent domain is inalienable, cannot be surrendered in whole or in part and cannot be contracted away and res adjudicata and estoppel do not constitute defenses to the causes of action set forth in the petition to condemn as filed by the City herein.

Defendants rely on the case of Wrightsman v. Southwestern Natural Gas Co., 173 Okl. 75, 46 P.2d 925, to sustain their contention that the court erred in striking their cross petition seeking damages for the property deeded and the easement granted pursuant to the contract and agreement which formed the basis for the dismissal of case No. 104,026. The facts in that case are distinguishable from the facts in the case at bar. In the Wrightsman case, prior to the appointment of commissioners to view and appraise the damages, the defendants filed an answer setting forth an affirmative defense that the Southwestern Natural Gas Co. had reached an agreement with the defendants as to the land to be taken and the restrictions to be placed in the deed to be executed; that the deed containing such restrictions was executed and delivered to and accepted by the Gas Company and therefore condemnation proceedings were not necessary. Prior to the appointment of commissioners, the trial judge dismissed what had been labeled a cross petition and this action of the trial judge was appealed. Without going into the merits of the cross petition, we held the action of the trial judge was premature; that such should have been considered only when the condemnation proceedings came before the court proper as distinguished from its judge.

■■ In the case at bar, the trial court considered the motion to strike the cross petition at the same time it considered the objections and exceptions to the report of

the commissioners, and after hearing and considering all the evidence, struck the cross petition. The precise question of whether the allegations contained in defendants' cross petitions are germane to the condemnation proceedings brought by the City and could be litigated in the same actions has not been determined by this court. However, we find authority from other states supporting the theory that the dismissal of the cross petitions by the trial court was not error.

The Missouri case of City of Moberly v. Hogan, supra, is directly in point on this question. In that case the court held:

"Where city agreed not to condemn any land for street in return for conveyance of certain land therefor, but thereafter brought condemnation proceeding contrary to agreement, land owner could recover in that proceeding neither damages for breach of agreement or compensation for the land conveyed thereunder; agreement not to condemn being void and giving rise to no easement or right annexed to the land."

The facts in the case of Ideal Laundry Co. v. City of Dallas, Tex.Civ.App., 64 S.W.2d 801, 803 are comparable to the facts in the case at bar. The Laundry Company filed a cross petition in the condemnation proceedings and alleged a prior contract and breach thereof and prayed for damages and payment for all sums expended by them under the contract. The cross petition was dismissed on motion of the City of Dallas and the action of the trial court affirmed on appeal. In that case the Texas Court said:

"In condemnation proceedings, damages growing out of a breach of contract, either express or implied, cannot be recovered by the owners of the land, or even be considered by the court for any purpose. The owners of the land so damaged by the breach of such contract may have his recourse in a court or tribunal having jurisdiction of the amount claimed, in a proper

proceedings instituted for that purpose. The right of eminent domain involves a determination of such matters as the value of the estate proposed to be taken and the value or such consequential damages as may reasonably arise out of and are incident to the act of taking private property for public use."

and in the case of Herman v. Board of Park Commissioners, supra, the Supreme Court of Iowa said:

"* * * The courts cannot impose upon appellees the performance of conditions not provided by statute before they may proceed with the condemnation proceedings. The property is subject to condemnation for the purpose for which it is sought to be condemned. The amount of damages which appellants will suffer is properly ascertainable in the condemnation proceedings. A court of equity cannot enjoin the prosecution of such proceedings and impose as a condition precedent that something by way of restoration or otherwise, not contemplated by the statute, shall first be done."

See also Salt Lake & U. R. Co. v. Schramm, 56 Utah 53, 189 P. 90.

Although the holdings of the other states are not controlling, they are persuasive in construing our statutes governing condemnation proceedings. Our statutes prescribe the procedure for taking property by eminent domain, but do not provide that matters not germane to the issues involved may be litigated in the same action. The proceedings commenced by the City are to condemn two tracts of land owned by the defendants and defendants are entitled to compensation for any injury they may sustain by the appropriation of the land, either directly or indirectly. However, defendants are not entitled to litigate in this action alleged damages for property which was the subject matter of a previous condemnation proceeding which is not either directly or indirectly involved in the instant case and which the defendants have no interest in. If defend-

ants are entitled to seek damages by virtue of the previous proceedings, their claim can only be litigated in a separate action.

We therefore hold the trial court did not err in dismissing the cross petition of defendants seeking damages for the property deeded and the easement granted pursuant to the contract and agreement of 1941.

The judgment of the trial court is affirmed.