Merle LANSDEN, Administrator With the Will Annexed of the Estate of Annie E. Cowan, Deceased, Plaintiff in Error,

v.

BEAR, FALL AND COON CREEK WATER AND SOIL CONSERVANCY DISTRICT #4, a body corporate, with its principal place of business at Guthrie in Logan County, Oklahoma, Defendant in Error.

No. 39499.

Supreme Court of Oklahoma.
March 27, 1962.

Lansden & Drum, Beaver, for plaintiff in error.

P. D. Erwin, Chandler, for defendant in error.

HALLEY, Justice.

The Bear, Fall and Coon Creek Water and Soil Conservancy District, a body corporate (hereafter, condemnor), filed a petition in the District Court of Lincoln County on May 5, 1960, seeking to acquire by eminent domain 160 acres of land belonging to the Estate of Annie E. Cowan, deceased. A certified copy of condemnor's "resolution of necessity" dated April 15, 1960, was attached to the petition. The resolution stated that condemnor determined and adjudged that it was necessary for the purposes for which condemnor was organized to acquire the following interest in the land: fee simple title except oil and gas and mineral rights (which interest for brevity will be referred to as the limited fee simple title).

Merle Lansden, Administrator with the will annexed of the estate of Annie E. Cowan, deceased (hereafter, condemnee), filed written exceptions raising the questions, among others, that condemnor sought to condemn "more interest" of condemnee than necessary and that condemnor sought to acquire a portion of condemnee's land for private purposes. Condemnee asked the district court to modify the condemnation proceedings to the extent that condemnor take only an easement in and to the property sought to be condemned or, in the alternative, that said condemnation be limited strictly to that portion of the land that may be required to carry out condemnor's purposes.

The matter was heard on condemnee's written exceptions. Condemnee presented one witness and one exhibit, then rested. Condemnor demurred to the evidence, which demurrer was sustained and judgment entered denying the exceptions. Condemnee appeals. The determination of the issue of compensation has been stayed pending a decision in this appeal.

The witness was the chairman of the board of directors of condemnor. In connection with his official duties he had written a letter addressed to Annie B. Cowan dated April 15, 1959 (one year before the resolution of necessity), in which he stated that it would be necessary for her to sign an easement which "merely gives consent for water to be impounded on the land," and stating that "permanent water will cover about 23 acres" of her land.

Part of the witness's direct testimony is as follows:

"Q. Mr. Briscoe, at the time this letter was written, you were seeking an easement on this property, were you not?

"A. That's right.

"Q. And had you been able to secure an easement that would have satisfied your requirements on that? (Objection made and overruled.)

"A. Yes sir.

"Q. Had you been able to secure an easement, that would have been all you needed?

"A. That's right."

The witness testified that all but approximately 50 acres would be temporarily covered with water during flood time. When asked by counsel for condemnee what plans were made concerning the land that would never be covered with water, the witness replied:

"A. This farm is badly gullied and a lot of sediment is coming down—and whatever the engineers decide, probably those gullies will be filled in and put in bermuda grass.

"Q. Will you sell some cabin sites?

"A. Not necessarily.

"Q. You could?

"A. I don't think so.

"Q. I mean, it is possible? (Objection made and overruled.)

"Q. The Court says you may answer.

"A. I have forgot what the question was.

"Q. It is possible that you would sell this for cabin sites, isn't it?

"A. Well, I'm one member of the Board of five—I'm not the Chairman.

"Q. I asked you if it is possible that that is one use for it?

"A. I don't think so."

On cross-examination by counsel for condemnor, the witness testified as follows:

"Q. State whether or not it was the decision of the Board that it would be necessary in order to properly construct and maintain this dam to have all of this area for protection for the reservoir site and protection of the reservoir site?

"A. It was."

Condemnor also had the witness identify a map of the reservoir site which had been prepared by condemnor's engineer. The map which was then introduced into evidence showed that 11 acres of condemnee's property would be permanently covered with water under the condemnor's plan for the improvements to be made.

The "Conservancy Act of Oklahoma" (82 O.S.1961 § 531 et seq.) provides in part as follows: the board of directors of a conservancy district is required to prepare a plan for the improvements for which the district was created, which plan may be altered in detail from time to time (§§ 565, 612); the board has full power and authority to devise, prepare for, execute, maintain and operate any or all works or improvements necessary or desirable to complete, maintain, operate and protect the official plan (§ 566); the board has the right to condemn for the use of the district any land (§ 571); the board may acquire full title to such land in fee simple (§ 602), and the Act is to be liberally construed to effect its purposes (§ 683).

When the evidence presented by condemnee is viewed in light of the above provisions, it does not show that condemnor is acquiring a greater interest in the prop-

erty than is needed, nor does it show that the condemnor is acquiring more area than is reasonably needed to carry out its purposes. It does indicate that, at the time the letter was written by condemnor to condemnee, the condemnor planned to acquire an easement rather than the limited fee simple title to the land; and it indicates a change was made in the official plan during the year which intervened between the letter and the resolution of necessity.

 The certified copy of the resolution of necessity attached to condemnor's petition declaring a necessity for condemning land established a prima facie case of necessity, whereupon the burden to proceed with the evidence shifted to condemnee. Delfield v. City of Tulsa, 191 Okl. 514, 131 P.2d 754, 143 A.L.R. 1032; Bush v. Oklahoma City, 194 Okl. 504, 154 P.2d 960.

There is no showing by condemnee that the particular property is not necessary for the proposed conservation project, and there is no showing of fraud, bad faith, or abuse of discretion by the condemnor's board of directors.

In Seba v. Independent School District No. 3, 208 Okl. 83, 253 P.2d 559, we held:

"In condemnation cases, while the particular property sought to be condemned must be necessary for the proposed project, the condemnor's decision as to the necessity for taking the particular property will not be disturbed in the absence of fraud, bad faith, or abuse of discretion, and where it is clearly apparent that there has been no abuse of discretion by the school board in selecting a site for a school gymnasium, and there is no evidence that a greater amount of land was taken than was necessary, a demurrer by the plaintiff to the evidence of the defendants offered in support of their objections to taking the property, will be sustained."

See also Graham v. City of Tulsa, Okl., 261 P.2d 893.

Although our analysis of the testimony and application of the pertinent legal principles thereto is sufficient to dispose of this appeal, one further reason should be mentioned. The "Conservancy Act of Oklahoma" has provisions in addition to those referred to above as follows: the board of directors of a conservancy district shall be composed of three persons (§ 561); they shall keep a record book of all proceedings which shall be signed by those directors concurring in the acts or proceedings, which record shall be conclusive evidence as to all actions and proceedings affecting the district (§ 562); a majority of the directors shall constitute a quorum, and a concurrence of the majority in any matter within their duties shall be sufficient for its determination (§ 563); the secretary of the board who is custodian of the records shall certify and attest them and any portion of the record so certified and attested shall be prima facie evidence of the facts therein contained (§ 564).

For all of the foregoing reasons, the judgment of the district court in sustaining condemnor's demurrer to the evidence of condemnee in support of the exceptions to the taking of the land is affirmed.

WILLIAMS, C. J., and DAVISON, JOHNSON and JACKSON, JJ., concur.

IRWIN and BERRY, JJ., dissent.