Gladys Turley LOUGH and John Lough, Plaintiffs in Error,

v.

The TOWN OF MULHALL, Oklahoma, A Municipal Corporation, and W. R. Kincaid, Defendants in Error.

No. 41157.

Supreme Court of Oklahoma.

May 10, 1966.

J. H. Jarman, Leon Shipp and Tom Williams, Oklahoma City, for plaintiffs in error.

Merle G. Smith, Guthrie, for defendant in error Town of Mulhall.

BLACKBIRD, Justice:

There is involved here an action brought by defendant in error, The Town of Mulhall, Oklahoma, a municipal corporation, to condemn a 10-acre tract of land owned by plaintiffs in error, Gladys Turley Lough and John Lough, located in Logan County, Oklahoma, and adjacent to the Town of Mulhall. Parties will be referred to as they appeared in the trial court.

The Town of Mulhall seeks to condemn the land for use in the building of a lagoon, or sewage disposal plant in connection with its sewage system. The trial court, at a hearing on the first report of the appraisement commissioners, held that the plaintiff needed only about one-half of the tract for the building of its lagoon, or plant, and was entitled to condemn only this smaller tract. He directed the appraisement commissioners to appraise the smaller tract and file an amended report. In the amended report, appraisement commissioners fixed the value of the smaller tract, and other interests involved, at $2,128.75. The parties do not contest the action of the trial court in reducing the size of the tract or the amount of the damages fixed by the appraisement commissioners. Defendants challenge the right of the plaintiff to condemn the land.

The land involved borders the Town of Mulhall, but is outside its corporate limits. Defendants contend that the 1963 Statute, Tit. 11 O.S.1963 Supp. secs. 270.1–270.27, 277 and 279, authorizing municipalities to construct sewer systems, does not authorize a municipality to condemn land outside the corporate limits of the city or town involved, for use in connection with the sewer system established. They are in error. Subparagraph 1 of sec. 270.1, supra reads:

"The governing body of any incorporated city or town is hereby empowered to:

"1. Authorize the construction of mains, submains and laterals for sewers, also ditches, drains, conduits, pipe lines and channels for sanitary and drainage purposes, or either or both thereof, with lift stations, outlets, manholes, catch basins, flush tanks, connecting sewers, ditches, drains, conduits, channels and other appurtenances in, under, over or

through any street, or any land of the incorporated city or town or any right-of-way granted or obtained for such purpose, either within or without the limits of the incorporated city or town."

It will be observed that the above statute authorizes an incorporated town to construct a sewer system including "catch basins" on "any land * * * granted or obtained for such purpose, *either within or without the limits of the incorporated city or town.*"

Subsection 3 of sec. 270.1, supra, authorizes cities and towns to join with other cities and towns in establishing sanitary districts for the construction of sewers. It is apparent that in constructing sewers under this section it would be necessary for a town to acquire lands not only outside its own corporate limits but in some instances within the corporate limits of another municipality.

■ The above statutes are sufficient to authorize a town to condemn lands outside its own corporate limits necessary for the construction of a sewer system. This court in several cases has approved the acts of municipalities in condemning lands outside their corporate limits necessary for the construction and maintenance of their public utilities. Bowles v. City of Enid, 206 Okl. 611, 245 P.2d 730; Shell Petroleum Corp. v. Town of Fairfax, 180 Okl. 326, 69 P.2d 649; Ramsey v. Leeper, 168 Okl. 43, 31 P.2d 852.

It is obvious that the Town of Mulhall, in the construction of its sewer system, must acquire land for use as a location for a lagoon or sewage disposal plant. Defendants contend that the board of commissioners of the city abused its discretion in the selection of the site for the lagoon, and that a site a greater distance from the city should have been selected. They argue that the lagoon will be a breeding place for mosquitoes and will create obnoxious odors causing annoyance and inconvenience to the defendants and other parties residing near the lagoon.

The plans for the construction of the sewage system were prepared by Jack Kalman, a registered consulting sanitary engineer. Mr. Kalman has served as consulting engineer for a great number of cities in planning the construction of sewage systems. He testified that, if the proposed system is operated properly, the breeding of mosquitoes can be controlled, and that the lagoon, if operated properly, will not give off obnoxious odors. Acting under the guidance of Mr. Kalman, three sites for the location of the lagoon were considered by the city commissioners before the selection of the one involved here. Mr. Kalman recommended that the present site be selected. One of the other proposed sites was rejected because of a flooding problem. The undisputed evidence establishes that if the lagoon was located several miles from the city, expense items of approximately $10,400 per mile would be required for the construction of pipe lines. The present site has been approved by the Oklahoma State Health Department. It has been approved by other governmental agencies of the United States that will contribute a portion of the funds necessary for the construction of the sewage system.

■ In condemnation proceedings, the selection of particular property for condemnation is for the sound discretion of the condemnor, and its decision will not be disturbed in the absence of fraud, bad faith, or abuse of discretion.

■ In Seba v. Independent School Dist. No. 3, 208 Okl. 83, 253 P.2d 559, this court said:

"* * * The ordinary rule in condemnation cases is that while the particular property sought to be condemned must be necessary for the proposed project, the condemnor's decision as to the necessity for taking particular property will not be disturbed in the absence of fraud, bad faith, or abuse of discretion. * * *"

In 29A C.J.S. Eminent Domain § 91, pp. 376–379, the rule is stated:

"The legislature may vest in the grantee of the power of eminent domain the right to exercise a discretion as to the selection of the location of the land and property needed, and, in the absence of legislative restriction, a delegation of the power of eminent domain gives the grantee of the power the right to determine the location and route of the improvement and the land to be taken for it, and such determination will not be interfered with by the courts if it is made in good faith and is not capricious or wantonly injurious, or in some respects beyond the privilege conferred by the charter or statute. Evidence that another route is feasible is not sufficient to show that the grantee's selection constitutes bad faith, oppression, or abuse of power.

"The landowner cannot raise the objection that there is no necessity for condemning his property because some other location might be made, or some other property obtained which would be more suitable. The choice of location by the grantee may not be challenged on the ground that another location on its own land would be as convenient and less expensive. * * *"

There is no evidence tending to establish any prejudice or improper conduct on the part of the city commissioners of the Town of Mulhall in their efforts to acquire a proper site for the building of the lagoon. They considered all factors connected with the matter, including the expense to the city and the convenience of the people involved, in the taking of the land. In all matters, they acted soundly and judicially. Their decision was confirmed by the trial court. The judgment of the trial court, when there is competent evidence, reasonably tending to support it, will not be disturbed by this court on appeal. Bush v. Oklahoma City, 194 Okl. 504, 154 P.2d 960.

Judgment of the trial court affirmed.