Dear Representive Begley,
¶ 0 This office has received your request for an Attorney General's Opinion. You have asked, in effect, the following question:
May a county enter into an agreement which purports tocontract away its right to zone or otherwise regulate the use ofparticular parcels of property?
¶ 1 Counties enjoy a number of statutory powers. They have the power to enter into all contracts "necessary to the exercise of corporate or administrative power." 19 O.S. 1991, § 1[19-1](5). They also have the power to zone. 19 O.S. 1991, § 865.51[19-865.51]. Your question asks whether a county may, pursuant to the first of these powers, legally bind itself not to exercise the second of these powers. It may not.
¶ 2 The statutory grant of the power to contract is broad, but it is not unlimited. A county may not, without a vote of the people, enter into a contract which causes it to be indebted for more than one year. Okla. Const. art. X, § 26. Nor may the county commissioners enter into an agreement which binds their successors in office. See A.G. Opin. 86-44. Most significant for the purposes of your question, a county, like any municipal corporation, cannot contract away its governmental powers.
 The established rule is that municipal corporations have no power to make contracts which will embarrass or control them in the performance of their legislative powers and duties. Accordingly, the law is well settled that a city cannot by contract deprive itself of any of its legislative powers. . . .
10 Eugene McQuillin, The Law of Municipal Corporations § 29.07 (3d ed. 1950).
¶ 3 In Burke v. Oklahoma City, 350 P.2d 264 (Okla. 1960), the Oklahoma Supreme Court was urged by a pair of landowners to hold that an agreement between them and the City of Oklahoma City barred the city from instituting condemnation proceedings against their property. In response the city directed the Court to a number of decisions, including one by the United States Supreme Court, which held that contracts purporting to alienate the power of eminent domain are void. See State of Georgia v. City ofChattanooga, 264 U.S. 472, 480 (1924) (a state's power of eminent domain "cannot be surrendered, and, if attempted to be contracted away, it may be resumed at will"). The Burke Court ruled in favor of the City. "We conclude and hold that the right of eminent domain is inalienable, cannot be surrendered in whole or in part and cannot be contracted away." Burke,350 P.2d at 268.
¶ 4 The rule adopted in Burke is not limited to the power of eminent domain. Indeed, the courts have uniformly held that contracts which purport to limit any aspect of a government's ability to regulate under the police power are void. Accordingly, they have rejected claims that a contract can obligate a city to widen a street, Marco Development Corporation v. Cedar Falls,473 N.W.2d 41, 42 (Iowa 1991); not hold a bond election, CorpusChristi v. Bayfront Associates, 814 S.W.2d. 98, 107 (Tx.Ct.App. 1991); or not permit streetcars, Wills v. Los Angeles,287 P. 962, 963 (Calif. 1930) cited with approval by Oklahoma Gasand Electric v. Total Energy, 499 P.2d 917 (Okla. 1972).[1] In the zoning context, this rule means that no agreement or understanding between a zoning authority and a landowner can restrict or control the government's power to zone.Dacy v. Ruidoso, 845 P.2d 793, 798 (N.M. 1992) (city's promise to provide favorable zoning unenforceable); Alderman v. ChathamCounty, 366 S.E.2d 885, 891 (N.C. 1988) (rezoning done pursuant to agreement with landowners invalid); Hartman v. Buckson,467 A.2d 694, 700 (Del.Ch. 1983) (agreement to provide favorable zoning was ultra vires).
¶ 5 It is, therefore, the official Opinion of the AttorneyGeneral that:
 A county cannot, by contract, be prevented from using thepowers it possesses to zone or otherwise regulate property withinits jurisdiction.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
CANNON MILES TOLBERT ASSISTANT ATTORNEY GENERAL
[1] In Oklahoma Gas and Electric v. Total Energy, the Oklahoma Supreme Court addressed the question of whether an individual could place a reservation in a dedication of real property for use as a public street that would exempt the grantor from a requirement to obtain a franchise from the municipality before offering electrical service. 499 P.2d 917 (Okla. 1972). In finding that the municipality's power could not be so circumscribed, the Court noted, "[n]o individual can by contract reserve the right to control the use of a street once the dedication for that purpose is made." Id. At 923 (quotingWills v. Los Angeles, 287 P. 962, 963 (Calif. 1930)).